ACCEPTED
12-17-00001-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/27/2017 4:16 PM
Pam Estes
CLERK

NO. 12-17-00001-CV

IN THE COURT OF APPEALS

FOR THE TWELFTH COURT OF

APPEALS DISTRICT

AT TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/27/2017 4:16:03 PM
PAM ESTES
Clerk

_____

WILLIAM PAUL HUNT AND ADE-WIFCO STEEL PRODUCTS INC., and
Others Similarly Situated, APPELLANTS

V.

CITY OF DIBOLL, TEXAS, ET. AL. APPELLEES

_____

On Appeal from the 217TH Judicial District Court
Angelina County, Texas, Cause No. CV-00370-16-06

_____

**APPELLANTS WILLIAM PAUL HUNT, ET. AL.
MOTION FOR REHEARING**

_____

Respectfully submitted,

Russell J. Bowman
Texas State Bar No. 02751550
russelljbowman@sbcglobal.net
Scott A. Stewart
Texas State Bar No. 19218300
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEY FOR APPELLEES
ORAL ARGUMENT REQUESTED

**APPELLANTS' MOTION FOR REHEARING - Page 1**

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

FIRST ERROR - COURT'S FINDING NO ULTRA VIRES ACTS PLED. . . . . 5

    A.    Ultra Vires Claims Pled by Hunt Et. Al.. . . . . . . . . . . . . . . . . . . . . . 5

    B.    Hunt Et. Al.'s Pleading Sufficient Alleges Ultra Vires Claims. . . . . . 8

    C.    Rules Re: Construction of a Pleading Shows
        Ultra Vires Claims Were Sufficiently Pled.. . . . . . . . . . . . . . . . . . . 9

SECOND ERROR - COURT'S ERROR FOR REMEDIES
AVAILABLE FOR ULTRA VIRES ACT. . . . . . . . . . . . . . . . . . . . . . . 11

    A.    Ultra Vires Claim is in Effect Suit Against the
        Government Entity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    B.    *Heinrich* Did Bot Create or Expand Immunity
        For Ultra Vires Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

THIRD ERROR - FAILURE TO ALLOW OPPORTUNITY
TO REPLEAD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

FOURTH ERROR - NO JURISDICTION TO DECLARE
ORDINANCE 06-07 UNCONSTITUTIONAL. . . . . . . . . . . . . . . . . . . . 17

CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# INDEX OF AUTHORITIES

## CASES:

*Brennan v. City of Willow Park*,
376 S.W.3d 910, 922-23 (Tex.App.-Fort Worth 2012, rev. denied). . . . . . . . . . . 14

*Camacho v. Samaniego*,
954 S.W.2d 811, 822 (Tex.App.-El Paso 1997, pet. denied). . . . . . . . . . . . . . . . 14

*City of Denton v. Van Page*,
701 S.W.2d 831, 834 (Tex. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*City of El Paso v. Heinrich*,
284 S.W.3d 366, 371 (Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-15

*Daniels v. Allen*,
811 S.W.2d 278, 280 (Tex.App.-Tyler 1991, no writ).. . . . . . . . . . . . . . . . . . . . 10

*Hall v. McRaven*,
508 S.W.2d 232, 238 (Tex. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*Houston Belt & Terminal Ry. Co. v. City of Houston*,
487 S.W.3d 154, 158 (Tex. 2016).. . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 12, 13

*Kubosh v. Harris* County,
416 S.W.3d 483, 487 (Tex.App.-Houston [1st Dist.] 2013, rev. denied). . . . . . . . 14

*McDaniel v. Town of Double Oak*,
2012 WL 662367, at *8 (Tex.App.-Fort Worth 2012). . . . . . . . . . . . . . . . . . . . . . 14

*Passel v. Fort Worth Indep. Sch. Dist.*,
440 S.W.2d 61, 63 (Tex. 1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*State v. Morales*,
869 S.W.2d 941, 947-48 (Tex. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Texas A & M Univ. Sys. v. Koseoglu*,
233 S.W.3d 835, 839 (Tex. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 16, 17

*Texas Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217, 226 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## CODES:

Texas Civil Practices and Remedies Code §§ 101.001-101.009. . . . . . . . . . . . . 19

Texas Government Code § 311.016(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Texas Transportation Code Chapter 707. . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Texas Transportation Code § 707.003(c) . . . . . . . . . . . . . . . . . . . . . . . . . . 7-10

Texas Transportation Code § 707.003(e). . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Texas Transportation Code § 707.003(f). . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8-10

## CONSTITUTION:

Article I, Section 10, Texas Constitution. . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## ORDINANCES:

Diboll Ordinance 06-07. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 17-21

## RULES:

TRAP 9.4(i)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

TRAP 9.4(i)(2)(D). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

TRAP 49. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Appellants, William Paul Hunt (Hunt), ADE-WIFCO Steel Products Inc. ("ADE") and others similarly situated, file this Motion for Rehearing pursuant to TRAP 49, and show the following in support of same. In filing this motion, Hunt, ADE, and others similarly situated, do not waive any previous arguments made to this Court.

### FIRST ERROR -
### COURT'S FINDING NO ULTRA VIRES ACTS PLED

This Court holds on page 20 of its opinion that no ultra vires act is alleged by Hunt, et. al. that the Diboll city officials acted without legal authority. That holding is incorrect. The ultra vires acts engaged by the Diboll city officials is the imposition of red light camera penalties in violation of Transportation Code Section 707.003(f). This Court, in its opinion, only references to the *ultra vires* discussion in Appellants' brief, but does not analyze the actual pleadings of Appellants, which clearly show ultra vires claims have been properly pled.

### A. Ultra Vires Claims Pled by Hunt Et. Al.

In this case, the pleadings setting forth the factual allegations supporting an action against the individual defendants in their official capacity, including setting forth an *ultra vires* claim, are found in paragraphs 11, 39, 40, 41, 42, 47, 48, 49, 50, and 52 of Plaintiffs' Fourth Amended Petition, the pleading relevant to this matter. (CR3, pp. 179, 192-196, 200-202).

In paragraph 11, in relation to Ordinance 06-07 (the Ordinance), Appellants allege that the individual Defendants acting in their official capacities have implemented, authorized the installation of a red light camera enforcement system and assessed civil penalties without complying with the requirements of Section 707.003 of the Texas Transportation Code and that the collection of the penalties are "invalid, unlawful, illegal, void, of no effect and/or **unauthorized**." (CR3, p. 179). Appellants further allege "Accordingly, Defendants Baker, McClain and/or Boren, acting in their official capacities, either singularly or in combination, have been enforcing a red light ordinance in the City of Diboll which conflicts with Chapter 707, and are therefore **in violation of the law, acting *ultra vires* and/or without authority**, so that the red light penalties assessed by the City of Diboll asserting a violation of Sections 9-39(6) and/or (7) are unenforceable. (CR3, pp. 179-180).

In Paragraph 50, Appellants alleged:

> "Their official acts were committed in violation of Chapter 707, since **they were acting beyond the statutory authority** granted by Chapter 707 in installing, implementing and enforcing the City of Diboll's red light camera enforcement system. **These official acts** of theirs, if acting pursuant to Ordinance No. 01-14, **were in violation of law...**

CR3, pp. 200-201.

Hunt, et. al. specifically alleged Defendants Baker, McClain and Boren, acting

in their official capacities with the City of Diboll, either singularly or in combination, authorized and permitted the installation and operation of red light camera systems in the City of Diboll in violation of Texas law, including Chapter 707 of the Texas Transportation Code ("Chapter 707"), and in their official capacities caused the issuance and collection of red light camera penalties which were invalid, unlawful, illegal, and/or unauthorized, because of the failure of Defendants City of Diboll, or Defendants Baker, McClain and/or Boren, acting in their official capacities, either singularly or in combination, to comply with the requirements of Chapter 707 by: failing to conduct the traffic engineering study or studies required by Section 707.003(c) of the Texas Transportation Code, failing to appoint a citizens advisory committee required by Transportation Code Section 707.003(e), failing to report the results of the traffic engineering study required by Section 707.003(c) to a citizens advisory committee as required by Transportation Code Section 707.003(e), and/or by providing for a red light camera penalty in an amount greater than that allowed by Transportation Code Section 707.007.  CR3, p. 179.

Hunt et. al. further alleged Diboll failed to conduct the traffic engineering study required by Transportation Code Section 707.003(c), the effect of which under Transportation Code Section 707.003(f), prohibits Diboll and/or Defendants Baker, McClain and Boren, acting in their official capacities with Diboll, either singularly

or in combination, from imposing any red light camera penalty against Plaintiffs. CR3, pp. 193-194. Hunt et. al. further alleged Diboll failed to appoint a citizens advisory committee required by Transportation Code Section 707.003(e), and failed to report the results of the traffic engineering study required by Transportation Code 707.003(c) to the citizens advisory committee as required by Transportation Code Section 707.003(e), requirements which were mandatory, so that Diboll and/or Defendants Baker, McClain and Boren, acting in their official capacities with Diboll, either singularly or in combination, were precluded from assessing any of the red light camera penalties involved in this lawsuit. CR3, pp. 194-195.

## B. **Hunt Et. Al.'s Pleading Sufficiently Alleges Ultra Vires Claims**

As this Court noted in *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017), in *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016) this Court clarified what it means for a government official to act "without legal authority". A government official acts "without legal authority", and thus *ultra vires*, if the official exceeds the bounds of his/her granted authority, **or if his/her acts conflict with the law itself.** *Hall*, 508 S.W.3d at 238.

Transportation Code Section 707.003(f) cannot be any clearer. It leaves nothing to the exercise of discretion or judgment. Under Section 707.003(f), a city "may not" impose a civil penalty on a vehicle owner if the city has failed to conduct

the traffic engineering study required by Section 707.003(c). The term "may not" imposes a prohibition and is synonymous with "shall not". V.T.C.A., Government Code § 311.016(5). It is clearly alleged Diboll did not perform the required traffic engineering study. CR3, pp. 179 & 193-195. This Court must accept such allegations as true. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A clear ultra vires act has been pled by Hunt et. al. That being Defendants, Baker, McClain and Boren, acting in their official capacities with Diboll, either singularly or in combination, assessed red light camera penalties when they were prohibited under Transportation Code Section 707.003(f) from doing so because of the failure to conduct the engineering study required by Transportation Code Section 707.003(c).

Hunt et. al.'s allegations that Defendants Baker, McClain and Boren acting in their official capacities, assessed penalties when no valid ordinance authorizing same and in violation of Section 707.003(c),(e) and(f) which then prohibited them from assessing any penalties clearly alleges the officials exceeded the bounds of their granted authority, or their acts conflict with the law itself, thus it was alleged the acts were *ultra vires*.

C. **Rules Re: Construction of a Pleading Shows Ultra Vires Claims Were Adequately Pled**

As this Court noted in *Daniels v. Allen*, 811 S.W.2d 278, 280 (Tex.App.-Tyler 1991, no writ), the key to determining whether a cause of action has been pled is whether there are sufficient allegations to give fair notice of the claim, not whether certain words are used in certain portions of the petition. Here, it is specifically alleged Diboll failed to conduct the engineering study required by Section 707.003(c), which prohibited Defendants under Section 707.003(f) from imposing any red light camera penalty. CR3, pp. 179 & 193-195. Additionally, this Court has found that Ordinance 01-14 did not provide any legal authority to assess the penalties since it was not in effect at any time material to this cause, and therefore any alleged penalties assessed by the officials pursuant to 01-14 were clearly assessed without authority.

By imposing red light camera penalties when expressly prohibited under Transportation Code Section 707.003(f) from doing so, the Diboll city officials were acting in direct conflict with Transportation Code Section 707.003(f). This is clearly pled by Hunt et. al., and clearly constitutes an ultra vires act under *Hall* and *Houston Belt*. This Court's holding otherwise, in direct contradiction of *Hall* and *Houston Belt*, is error.

Construing Appellants' pleading liberally in the Appellants' favor and looking to the pleaders intent, it is apparent that the intent was to state ultra vires claims against Defendants Baker, McClain and Boren, that there are sufficient factual

allegations to fairly place all parties on notice that Appellants are bringing an ultra vires claim and that the Court's holding otherwise is error, which should be corrected by the Court issuing a new opinion on rehearing and finding that ultra vires acts were properly pled in this matter against Defendants, Baker, McClain and Boren, in their official capacities with Diboll.

## SECOND ERROR - COURT'S ERROR FOR REMEDIES AVAILABLE FOR ULTRA VIRES ACT

On page 21 of its opinion, this Court holds the only remedy available for an *ultra vires* act claim is prospective relief. That is incorrect.

### A. *Ultra Vires* Claim is in Effect Suit Against the Government Entity

The *ultra vires* exception to sovereign/governmental/official immunity involves the situation where the State or political subdivision, through its officials, is acting without authority or in violation of the law. Under this exception, *ultra vires* claims must be brought against the state or government actor in his or her official capacity. *Heinrich*, 284 S.W.3d at 372-373 (Tex. 2009).

It is fundamental that a suit against a governmental official is merely another way of pleading an action against the entity of which the official is an agent. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007). A suit against an official in his official capacity is in all respects other than name, a suit against the entity. *Koseoglu*, 233 S.W.3d at 844. In an *ultra vires* claim, although the judgment

APPELLANTS' MOTION FOR REHEARING - Page 11

that may be rendered against the government official is in his or her official capacity, such a judgment is ultimately against the entity (in this case the City of Diboll) for whom the official works, as liability against the city in an *ultra vires* claim is obtained by suing the city official in his or her official capacity. *Heinrich*, at 373 & 377 fn. 10.

**B.** *Heinrich* **Did Not Create or Expand Immunity for Ultra Vires Claims**

Ultra vires claims do not invoke governmental immunity. See *Houston Belt & Terminal Railway Co. v. City of Houston*, 487 S.W.3d 154, 158 fn. 1 (Tex. 2016), where the Court held:

> We have often referred to the *ultra vires* doctrine as an exception to governmental and sovereign immunity, and we continue to do so today. However, some clarification is warranted. Our usage should not be read to imply that governmental immunity applies and that *ultra vires* is then an exception to that application; **rather when a government officer is sued for allegedly ultra vires acts, governmental immunity does not apply from the outset**....

*Houston Belt*, 487 S.W.3d at 158 fn. 1. (Emphasis added).

The Court further noted in *Houston Belt* that *Heinrich* did not expand governmental immunity, noting:

> Indeed, in the seven years since *Heinrich*, we have spoken a number of times on the intersection of the *ultra vires* exception and governmental immunity. In doing so, we have confirmed that ***Heinrich* did not expand governmental immunity's reach or diminish the *ultra***

*vires* exception....

H*ouston Belt*, 487 S.W.3d at 162.  (Emphasis added).

Thus, any *ultra vires* act claim against a city official in his or her official capacity for reimbursement, like what is being asserted in this case for reimbursement and a takings claim, are not barred by immunity, since those claims (as correctly recognized by this Court) are ones that are not barred by immunity against the government unit.

In writing on the issue of prospective versus retrospective relief , the *Heinrich* Court in *Heinrich* stated the rule against retrospective relief **"is not absolute"**. *Heinrich* 284 S.W.3d at 376.  The Court in *Heinrich* then noted that a takings claims based on *ultra vires* acts are not barred by immunity.  *Heinrich*, 284 S.W.3d at 376. This alone shows this Court's holding that *ultra vires* claims only allow for prospective relief is not the case.

Are the claims asserted by Plaintiffs barred by immunity?  The answer is clearly no.  As this Court noted on pages 17-19 of its opinion, the reimbursement and takings claims being brought in this matter are not barred by immunity.  Such claims having been brought against the Diboll city officials as *ultra vires* acts are likewise not barred by immunity.

Thus, where a claim for reimbursement is being made because of government

officials assessing an unlawful fee or penalty in violation of a statute, such a claim is brought against the appropriate government official in his or her official capacity, and is not barred by immunity. This is illustrated by *Camacho v. Samaniego*, 954 S.W.2d 811, 820-821 (Tex.App.-El Paso 1997, rev. denied), where the Court held that where the sheriff was assessing a fee in violation of statute, the claim for the refund of such unlawful fee was against the sheriff in his official capacity.

All *Heinrich* did was maintain the law that claims for monetary relief which are barred by immunity continue to be barred by immunity, whether such are brought against the governmental unit itself, or against the governmental official by an *ultra vires* act. A claim for reimbursement of money unlawfully collected by the governmental unit is not a claim for property belonging to the government, so immunity does not apply. The cause of action for reimbursement has been recognized multiple times since *Heinrich*. *See Brennan v. City of Willow Park,* 376 S.W.3rd 910 (Tex. App. – Fort Worth 2012, pet. denied)*; McDaniel v. Town of Double Oak,* No. 02-10-00452-CV, 2012 WL 662367, at *8 (Tex. App.—Fort Worth Mar. 1, 2012, pet. denied) (mem. op.); *Kubosh v. Harris County,* 416 S.W.3d 483 (Tx.App.-Houston [1st Dist.] 2013, pet. denied).

Appellants submit that the rule following *Heinrich* is best stated as follows: *Ultra vires* actions are not barred by immunity, The relief available in an *ultra vires*

action is limited to prospective relief, unless the claim for retrospective relief, including the payment of money, is itself not barred by immunity. Therefore, such a reimbursement claim, or a takings claim, brought as an *ultra vires* claim against the city official in his or her official capacity like what is being brought in this case, is not a claim for retrospective monetary relief prohibited by *Heinrich*.

In summary, if the claim for reimbursement is not barred by immunity, it is not barred by immunity if such has to be brought against the city official in his official capacity. This is clearly the case as to the *ultra vires* claims alleged by Hunt et. al., so that such claims are not barred by immunity. This Court needs to issue a corrected opinion on rehearing holding Hunt et. al. have properly alleged *ultra vires* claims against the Diboll city officials in their official capacity for common law reimbursement and a takings claim, and that such claims are not barred by immunity.

## THIRD ERROR - FAILURE TO ALLOW OPPORTUNITY TO REPLEAD

Without waiving the point that Appellants adequately plead an *ultra vires* action, Appellants would also show the court erred in failing to provide Appellants an opportunity to replead and cure any perceived deficiency in their *ultra vires* pleading

The Texas Supreme Court holds that a plaintiff generally deserves a reasonable opportunity to amend pleadings to cure a defect in jurisdiction. *Texas A & M Univ.*

*Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007). A plaintiff may stand on his pleadings in the face of a plea to the jurisdiction unless and until a court determines that the plea is meritorious. *Koseoglu*, 233 S.W.3d at 839.

In this regard Hunt et. al. would show the *Haddix* and *Tara Partners* cases relied upon by the Court on page 21 of its opinion are materially different than this case, such that the general rule to provide an opportunity to amend, as recognized in by the Court in its opinion, should be afforded Appellants.

Of particular distinction, in *Haddix* and *Tara Partners*, a challenge to the sufficiency of the pleading was actually raised in the trial court and the party did not make any effort to amend before the Court's ruling. In the present case, Appellants filed their Fourth Amended Petition on December 2, 2016 setting forth the *ultra vires* claims identified above, shortly before the hearing on the plea to the jurisdiction, which was held on December 6, 2016. CR3 p. 176. No challenge or complaint was made by Defendants as to the sufficiency of the Appellants' *ultra vires* pleading in the trial court or in this court. There was not any indication in the ruling of the trial court that its decision was based in any part on an alleged deficiency in the pleading of Appellants as to its allegations of *ultra vires*.

The only challenge raised with respect to Hunt et. al.'s *ultra vires* claims was that they were limited to prospective injunctive relief, and they were moot. CR4, p.

101. In their brief, Defendants merely asserted the ultra vires claims can only be brought against the government official (which is what was done here) and the only relief for an ultra vires claim was prospective injunctive relief. Diboll's Brief, pp. 24-25. The issue of whether ultra vires claims were sufficiently pled was not raised by anyone until this Court did so in its opinion. By then, Hunt et. al. could not amend their pleadings, because the lawsuit had been dismissed.

Under the principles stated in *Koseoglu*, Appellants were entitled to stand on the sufficiency of their pleading until a challenge to them was raised and a ruling was made that they were insufficient. The Court's ruling that Hunt et. al. waived any right to amend their pleading is incorrect. Upon rehearing, in the event the Court still finds Appellants' pleading as to *ultra vires* acts insufficient, the Court should correct this error and remand the case to allow Hunt et. al. the opportunity to amend their pleadings.

## FOURTH ERROR - NO JURISDICTION TO DECLARE ORDINANCE 06-07 UNCONSTITUTIONAL

On pages 7-8 of its opinion, this Court holds that Hunt et. al. cannot challenge the constitutionality of Diboll Ordinance 06-07 under the test set forth in *State v. Morales*, 869 S.W.2d 941, 947-48 (Tex. 1994). Hunt et. al. meet the test set forth in *Morales* for a civil court to declare constitutionally invalid and enjoin enforcement of Ordinance 06-07.

As this Court notes on page 6 of its opinion, under *Morales*, a civil court has jurisdiction to declare a criminal statute constitutionally invalid and enjoin enforcement of the statute when there is evidence the statute at issue is being unconstitutionally applied by a rule, policy or other noncriminal means subject to a civil court's equity powers and irreparable injury to property rights is threatened. Both of these tests are met here.

All of the red light camera tickets involved in this lawsuit, including those issued to Plaintiffs Hunt and ADE, assert a violation of Ordinance No. 06-07 and Section 9-39, allegedly occurring prior to November 10, 2016. (CR3, pp. 182 & 215 & CR5, pp. 51-54 ). As this Court notes on page 6 of its opinion, there is no dispute that Ordinance 06-07 is a criminal ordinance.

The evidence in the record shows Diboll enforces Ordinance No. 06-07 in a noncriminal manner. Diboll merely provides for a hearing before a hearing officer (CR4, pp. 136 & 149 & CR5, pp. 51-54), where the vehicle owner gets no right to a jury trial, no presumption of innocence, no requirement that Diboll prove guilt beyond a reasonable doubt, or any other protection guaranteed under Article I, Section 10 of the Texas Constitution for one charged with a crime. Diboll does not initiate a criminal prosecution where a vehicle owner like Hunt can challenge the constitutionality of 06-07. Therefore, vehicle owners like Hunt have no forum to

challenge 06-07.

Further, the noncriminal means by which Diboll enforces Ordinance No. 06-07 not just threatens, but results in irreparable injury to property. As this Court notes on page 3 of its opinion, Diboll placed a hold on the registration of Hunt's vehicle. This effectively prohibits Hunt from using the vehicle, since it has no valid registration, and exposes Hunt to tickets and fines if he uses the vehicle with an expired registration. Hunt faces irreparable injury for the loss of use of his vehicle if not allowed this form to challenge Diboll's action in illegally withholding the registration on Hunt's vehicle.

As this Court notes on page 6 of its opinion, the requirement of irreparable injury is related to the adequacy of the remedy at law. *Passel v. Fort Worth Indep. Sch. Dist.*, 440 S.W.2d 61, 63 (Tex. 1969). Here, Hunt has no adequate remedy at law for the loss of use of his vehicle. This is because Hunt could not sue Diboll for damages for the loss of use of his vehicle, since Diboll would have immunity against a suit for such damages. A political subdivision like Diboll is immune from suits for damages except in the limited instances of injury arising out of the use of publicly owned vehicles, premises defects, and conditions or use of property. *City of Denton v. Van Page*, 701 S.W.2d 831, 834 (Tex. 1986); TEX. CIV. PRAC. AND REM. CODE, Sections 101.001 - 101.009. Thus, Hunt has no remedy at law against Diboll

or its city officials for the loss of use of his vehicle.

The only court in which Hunt can seek relief concerning the unlawful registration hold placed on his vehicle is through a civil court. This is because Diboll Ordinance No. 06-07 does not allow Diboll to have the registration on Hunt's vehicle to be withheld. Ordinance 06-07 only provides for a fine of $100. Therefore, Hunt is facing injury (the withholding of the registration on his vehicle and loss of use resulting from same) that is separate from the enforcement of the criminal ordinance itself. The only court in which Hunt can obtain an injunction prohibiting Defendants from placing a hold on the registration on Hunt's vehicle is a court of equity, i.e., the district court in which Hunt filed this lawsuit. Therefore, a civil court would have jurisdiction to declare Ordinance 06-07 constitutionally invalid, and enjoin its enforcement.

## CONCLUSION AND PRAYER

For all of the above reasons, Appellants request this motion be granted, and the Court issue a new opinion: (1) withdrawing those portions of its rulings regarding that Appellants have not adequately pled *ultra vires* claims and finds such claims have been properly pled; (2) alternatively, withdrawing their ruling regarding that Appellants waived the right to amend their pleadings and allow Appellants the opportunity to amend their pleadings regarding the ultra vires claims asserted by

them; (3) withdrawing their ruling that *ultra vires* relief is limited to prospective injunctive relief only, and holding that retrospective relief for *ultra vires* acts in the form of constitutional takings claims and/or reimbursement claims for unlawful fines and penalties are permitted; (4) withdrawing their holding the trial court lacks jurisdiction to declare Ordinance 06-07 unconstitutional and holding the trial court does have jurisdiction to declare Ordinance 06-07 unconstitutional and issue injunctive relief precluding enforcement of same; and (5) in all other respects maintaining the opinion issued by the Court.

Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
russelljbowman@sbcglobal.net
Scott A. Stewart
Texas State Bar No. 19218300
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEYS FOR APPELLEES

CERTIFICATE OF COMPLIANCE

This is to certify, in compliance with Rule 9.4(i)(2)(D) of the Texas Rules of Appellate Procedure, that Appellees' Amended Motion for Rehearing, not counting those items excluded under TRAP 9.4(i)(1), consists of a total of 3,873 words. This count was determined based on the word count of the computer program, WordPerfect X5, used to prepare Appellees' Amended Motion for Rehearing.

/S/Russell J. Bowman
Russell J. Bowman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all counsel of record indicated below, on this 27th day of November, 2017, as indicated below:

Ms. Erika L. Neill                VIA E-MAIL: eneill@acn.com
ALDERMAN CAIN & NEILL PLLC
122 East Lufkin Avenue
Lufkin, Texas 75901-2805

Mr. Thomas J. Williams     VIA E-MAIL: thomas.williams@haynesboone.com
Haynes and Boone, LLP
301 Commerce Street, Suite 2600
Fort Worth, Texas 76102-4140

/S/Russell J. Bowman
Russell J. Bowman

# APPENDIX

1.    Plaintiffs' Fourth Amended Petition (CR3, pp. 176-236)

# TAB NO. 1

CAUSE NO. CV-00370-16-06

| | | |
|---|---|---|
| WILLIAM PAUL HUNT, and | § | IN THE DISTRICT COURT |
| OTHERS SIMILARLY SITUATED, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | OF ANGELINA COUNTY, TEXAS |
| | § | |
| CITY OF DIBOLL, JOHN MCCLAIN, in his | § | |
| Official Capacity as Mayor of the City of | § | |
| Diboll, STEVE BAKER, in his Official | § | |
| Capacity as Chief of Police of the City of | § | |
| Diboll, GERRY BOREN, in his Official | § | |
| Capacity as City Manager of the City of | § | |
| Diboll, AMERICAN TRAFFIC SOLUTIONS, | § | |
| INC., AND AMERICAN TRAFFIC | § | |
| SOLUTIONS, LLC, | § | |
|     Defendants. | § | 217TH JUDICIAL DISTRICT |

## PLAINTIFF'S FOURTH AMENDED PETITION

Plaintiffs, William Paul Hunt and ADE-WIFCO Steel Products Inc. ("ADE"), on behalf of themselves and all others similarly situated (all collectively hereinafter referred to as "Plaintiffs" where appropriate), file this Fourth Amended Petition, bringing this class action against all of the Defendants named in this suit, seeking declaratory and injunctive relief against Defendants, reimbursement from Defendants City of Diboll, or alternatively, John McClain, in his official capacity as Mayor of the City of Diboll, Steve Baker, in his official capacity as Chief of Police of the City of Diboll, and Gerry Boren, in his official capacity as City Manager of the City of Diboll, of the unconstitutional, illegal and/or unlawful red light camera penalties assessed against Plaintiffs involved in this lawsuit, and as to Defendants American Traffic Solutions, Inc. and American Traffic Solutions, LLC (hereinafter collectively referred to as "ATS"), damages. In support of this Petition, Plaintiffs would show the following:

PLAINTIFFS' FOURTH AMENDED PETITION - PAGE 1

## DISCOVERY CONTROL PLAN

### 1.

Plaintiffs designate this case as a Level 3 Discovery Control Plan, such that discovery is to be conducted under Level 3 Discovery Control Plan of Rule 190.4 of the Texas Rules of Civil Procedure.

### 2.

Plaintiffs plead TRCP 47(c)(5), as the amount in controversy in this matter, including attorney's fees, but exclusive of interest and costs, is over $1,000,000.

## PARTIES

### 3.

Plaintiff, William Paul Hunt, is a citizen of the State of Texas, residing in Cass County, Texas.

### 4.

Plaintiff ADE is a corporation formed and organized under the laws of the State of Kansas.

### 5.

Defendant City of Diboll is a Texas citizen, being a Texas municipality located in Angelina County, Texas and incorporated under the laws of the State of Texas, who has appeared in this lawsuit, and who may be served with this pleading by service on its attorney of record, Mr. Robert Alderman, Jr., Alderman Cain & Neill, PLLC, 122 East Lufkin Avenue, Lufkin, Texas 75901-2805.

### 6.

Defendant John McClain, in his official capacity as Mayor of the City of Diboll, is a citizen of the State of Texas, residing in Diboll, Angelina County, Texas, who has appeared in this lawsuit,

and who may be served with this pleading by service on its attorney of record, Mr. Robert Alderman, Jr., Alderman Cain & Neill, PLLC, 122 East Lufkin Avenue, Lufkin, Texas 75901-2805.

7.

Defendant Steve Baker, in his official capacity as Chief of Police of the Diboll Police Department, is a citizen of the State of Texas residing in Diboll, Angelina County, Texas, who has appeared in this lawsuit, and who may be served with this pleading by service on its attorney of record, Mr. Robert Alderman, Jr., Alderman Cain & Neill, PLLC, 122 East Lufkin Avenue, Lufkin, Texas 75901-2805.

8.

Defendant Gerry Boren in his official capacity as City Manager of the City of Diboll, is a citizen of the State of Texas residing in Diboll, Angelina County, Texas, who has appeared in this lawsuit, and who may be served with this pleading by service on its attorney of record, Mr. Robert Alderman, Jr., Alderman Cain & Neill, PLLC, 122 East Lufkin Avenue, Lufkin, Texas 75901-2805.

9.

Defendant, American Traffic Solutions, Inc. is a foreign corporation doing business in the State of Texas, who has appeared in this lawsuit, and who may be served with this pleading by service on its attorney of record, Mr. Thomas J. Williams, Haynes and Boone, LLP, 301 Commerce Street, Suite 2600, Fort Worth, Texas 76102-4140.

10.

Defendant, American Traffic Solutions, LLC is a foreign corporation doing business in the State of Texas, who has appeared in this lawsuit, and who may be served with this pleading by service on its attorney of record, Mr. Thomas J. Williams, Haynes and Boone, LLP, 301 Commerce

Street, Suite 2600, Fort Worth, Texas 76102-4140.

## NATURE OF SUIT

11.

This is an action under the Uniform Declaratory Judgment Act (Chapter 37.001 et. seq. of the Civil Practice and Remedies Code) to declare Diboll Ordinance Sections 9-39(6) and (7) of Chapter 9 of the Diboll Code of Ordinances (hereinafter "the Ordinance"), unconstitutional under the Texas Constitution, and therefore void and of no effect. In the alternative, this action further seeks declaratory judgment that Defendants Baker, McClain and Boren, acting in their official capacities with the City of Diboll, either singularly or in combination, have authorized and permitted the installation and operation of red light camera systems in the City of Diboll in violation of Texas law, including Chapter 707 of the Texas Transportation Code ("Chapter 707"), and in their official capacities, have caused the issuance of Notices of Infraction of the Ordinance, and the collection of penalties therefrom which are invalid, unlawful, illegal, void, of no effect and/or unauthorized, because of the failure of Defendants City of Diboll, or Defendants Baker, McClain and/or Boren, acting in their official capacities, either singularly or in combination, to comply with the requirements of Chapter 707 by: failing to conduct the traffic engineering study or studies required by Section 707.003(c) of the Texas Transportation Code, failing to appoint a citizens advisory committee Transportation Code Section 707.003(e), failing to report the results of the traffic engineering study required by Section 707.003(c) to a citizens advisory committee as required by Transportation Code Section 707.003(e), and/or by providing for a red light camera penalty in an amount greater than that allowed by Transportation Code Section 707.007. Accordingly, Defendants Baker, McClain, and/or Boren, acting in their official capacities, either singularly or in combination,

have been enforcing a red light camera ordinance in the City of Diboll which conflicts with Chapter 707, and are therefore acting in violation of the law, acting ultra vires, and/or without authority, so that any red light camera penalties assessed by the City asserting a violation of Sections 9-39(6) and/or (7) are void and unenforceable.

12.

This suit also seeks an injunction against all Defendants to enjoin them from operating any red light camera systems and from attempting to enforce any alleged red light camera violations pursuant to the Ordinance, because of the unconstitutionality of the Ordinance, or alternatively, in the unlikely event that Chapter 707 and the Ordinance are found constitutional, to have Defendants enjoined from operating and enforcing any red light camera penalties pursuant to the Ordinance unless and until they have complied with the requirements and all prerequisites necessary under Chapter 707 to allow the assessment and collection of a red light camera penalty, including conducting all traffic engineering studies required by Transportation Code Section 707.003(c), and appointing a citizen advisory committee as required by Transportation Code Section 707.003(e), and reporting the results of the traffic engineering study or studies to the citizens advisory committee as required by Transportation Code Section 707.003(e).

13.

Additionally, Plaintiffs, who have paid any such unlawful red light camera penalties/fines assessed by the City of Diboll and/or Defendants Baker, McClain and Boren, acting in their official capacities with the City of Diboll, either singularly or in combination, pursuant to the City of Diboll's illegal red light camera enforcement system, assert a common law claim for reimbursement against those Defendants, for all of the unlawful red light camera fines illegally assessed and

appropriated by those Defendants that are involved in this lawsuit. Alternatively, Plaintiffs, who have paid any such unlawful red light camera penalties/fines assessed by the City of Diboll and/or Defendants Baker, McClain and Boren, acting in their official capacities with the City of Diboll, either singularly or in combination, pursuant to the City of Diboll's illegal red light camera enforcement system, seek against those Defendants, as the remedy afforded Plaintiffs under Article I, Section 17 of the Texas Constitution, the refund of all of the red light camera penalties/fines illegally assessed and appropriated by these Defendants that are involved in this lawsuit.

14.

Finally, Plaintiffs bring various claims for damages against the ATS Defendants, as will be further set forth below.

## FACTUAL BACKGROUND

15.

Plaintiff Hunt has been charged in Notice of Infraction No. 2201500071271 (a copy of which is attached as Exhibit "A") by the Defendant City of Diboll with a violation the Ordinance. The Ordinance is part of Ordinance No. 06-07 enacted by Defendant City of Diboll on December 11, 2006. The Ordinance is entitled "Traffic infractions detected through the use of an automated traffic safety camera" and is part of Chapter 9 (which is entitled "MOTOR VEHICLES AND TRAFFIC") of the Diboll Code of Ordinances. The fact that Diboll ordinance Section 9-39(6) providing for red light camera violations is part of Chapter 9 of the Diboll Code of Ordinances is important, because Diboll Ordinance Section 9-3(a) makes it a misdemeanor for any person to do any act forbidden by Chapter 9 or to fail to perform any act required in Chapter 9. Section 9-39(7) imposes a fine of $100.00 on the owner of a motor vehicle, regardless of whether the owner was driving the vehicle

or even in the car at the time, when the owner's vehicle is photographed by a traffic camera running a red light.

16.

On or about August 24, 2015, Plaintiff Hunt was sent Notice of Infraction No. 2202500071271 by Defendant ATS, who was acting pursuant to its contract with the City of Diboll, alleging a violation of the Ordinance, and affirmatively stating that the amount due was $75.00. A true and correct copy of this notice is attached as Exhibit "A" to this Third Amended Petition.

17.

On or about August 24, 2015, Plaintiff ADE was sent Notice of Infraction No. 2202500071271 by Defendant ATS, who was acting pursuant to its contract with the City of Diboll, alleging a violation of the Ordinance, and affirmatively stating that the amount due was $75.00. A true and correct copy of the Notice is attached as Exhibit "B" to this Petition.

18.

Every member of the class to be certified in this matter received the same type of Notice of Infraction as Plaintiffs Hunt and ADE. Specifically, each notice asserted a violation of the Ordinance, and, without a hearing or judicial process of any kind, assessed a penalty of $75.00 against the registered owner of the vehicle involved in the Notice of Infraction.

19.

The Notice of Infraction sent to Plaintiffs Hunt and ADE contain a representation by the Diboll Police Department that the alleged offense is punishable by a civil penalty of $75.00. Each notice represents that "Pursuant to City of Diboll Automated Red Light Enforcement Ordinance, the owner of a motor vehicle is liable for payment of a civil penalty of $75.00." Each notice continues

and in bold type threatens, **"Failure to pay the civil penalty or contest liability by the Due Date is an admission of liability in the full amount of the civil penalty assessed on this notice of infraction and constitutes waiver of the right to appeal under City's Ordinance."** Each notice also threatens that the failure to pay or contest liability within the time allowed **"may result in the County Tax Assessor-Collector refusing to register the vehicle alleged to have been in violation of this ordinance"**, which language is likewise in bold print. All of these representations are false, as none of these items are provided for or allowed in the Ordinance.

20.

Each notice also represents that the vehicle owner may request an administrative hearing to contest the claimed civil penalty and that the recorded image is evidence in a proceeding for the imposition of a civil penalty. These representations are false, as none of these items are provided for or allowed in the Ordinance.

21.

Finally, each notice advises that the vehicle owner may submit an Affidavit of Non-Liability under one of the affirmative defenses outlined in the City of Diboll ordinance. Each notice states the Declaration of Non-Liability form can be obtained from the website at www.ViolationInfo.com. This website is owned and operated by Defendant ATS. A true and correct copy of the form and instructions for the alleged Declaration of Non-Liability from the website are attached as Exhibit "C" to this Third Amended Petition. These items are false representations, as the Declaration of Non-Liability completely fails to disclose that the Ordinance provides that it is a defense if the vehicle owner provides a mere written statement under oath that he/she did not have care, custody or control of the vehicle at the time of the alleged violation.

22.

On or about September 23, 2015, Plaintiff Hunt sent a letter by mail to the City of Diboll, advising he did not consent to any non-judicial decision wherein he was to be assessed any fine. This letter was timely, and a proper response to the red light camera ticket, as the only procedure allowed by the Ordinance to respond to such a red light camera ticket is 9-39(6)(b), which provides that the person receiving the red light camera ticket can respond by mail, but said provision provides no time limit for when such response must be mailed. Plaintiff Hunt demanded proper notice from Diboll. Plaintiff Hunt demanded a jury trial. Plaintiff Hunt demanded his right to be presumed innocent, to confront and cross-examine witnesses, and that the government be required to meet its burden of proof, all of which are required by Article I, Section 10 of the Texas Constitution, and would be required under the Ordinance, since the Diboll Code of Ordinances, specifically Section 9-3(a), makes the violation of Diboll Ordinance Section 9-39 a crime, a misdemeanor.

23.

The City of Diboll responded to Plaintiff Hunt by letter on September 30, 2015, stating that Plaintiff Hunt's response was too late, which was false, since the Ordinance contains no time limit for responding the notice. Diboll's September 30, 2015 letter further stated that the violation against Plaintiff Hunt was still pending in his name, and again falsely represented that Hunt could request an administrative hearing, when the Ordinance does not allow or provide for such. Thereafter, on January 26, 2016, the City of Diboll, by and through an attorney, represented and made a written demand that Plaintiff Hunt pay a "civil penalty" that had been imposed by the City of Diboll in the amount of $125.00. A true and correct copy of this demand letter is attached as Exhibit "D".

24.

Plaintiff ADE, who could not face the risk of damage to its business by having the registration on of its vehicle withheld, paid Notice of Infraction No. 221600092896 under duress, fraud (based on the false representations outlined in Paragraphs 19-21 above), and/or without knowledge that the City of Diboll had failed to conduct the necessary traffic engineering study required by Transportation Code Section 707.003(c).

## CREATION OF RED LIGHT CAMERA LAWS

25.

On February 8, 2002, the Texas Attorney General, in Opinion No. JC-0460, determined that under existing state law at the time, cities could not use automated enforcement equipment (red light cameras) to impose a civil penalty for the running of a red light. The Attorney General noted Texas cities were prohibited from doing this, because making the running of a red light a civil penalty would conflict with state law that makes the running of a red light a crime (a misdemeanor) under Transportation Code §§ 542.301, 542.401, & 544.007(d).

26.

The Texas Attorney General specifically recognized in Opinion No. JC-0460 that Transportation Code title 7, subtitle C, the "Rules of the Road" regulating traffic in the State of Texas placed limitations on a city's power to enact laws with respect to roadways under the city's jurisdiction. One such limitation is Transportation Code § 542.302, which provides the owner of a vehicle commits a traffic offense (which again under the Transportation Code is a crime, Transportation Code §§ 542.302, 542.401, and 544.007(d)) if the owner requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner which violates the law.

27.

Following the Texas Attorney General's Opinion No. JC-0460, the Texas Legislature amended Section 542.202 of the Transportation Code. The amended Section 542.202 provided a city was not prevented from regulating roads and traffic in accordance with state law. Section 542.202 as amended still did not authorize cities to make the running of a red light a civil penalty, since state law still made the running of a red light a crime, as Transportation Code §§ 542.301, 542.401, & 544.007(d) remained unchanged. Therefore, Section 542.202 of the Transportation Code would not give cities in Texas authority to make the running of a red light a civil penalty. Further, if cities in Texas attempted to make the running of a red light a civil penalty, this would violate Transportation Code § 542.302, which as noted above, provides the owner of a vehicle commits a traffic offense if the owner requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner which violates the law. Thus, Section 542.202 of the Transportation Code would not provide authority for cities in Texas to adopt ordinance(s) making the running of a red light a civil penalty,

28.

Subsequently, the Texas Legislature, by Acts 2007, 80th Leg., ch. 1149, effective September 1, 2007, enacted Chapter 707 of the Transportation Code (consisting of Sections 707.001 through 707.019), which authorized local municipalities to establish, by ordinance, a photographic traffic signal enforcement system authorizing the local authority to impose on the registered owner of a vehicle a penalty of $75.00, plus a late payment penalty of $25.00 in the event the penalty is not paid timely, for the registered owner's vehicle being photographed running a red light, conduct which is still a crime in Texas, being a violation of Section 544.007(d) of the Texas Transportation Code.

29.

Several cities in the State of Texas enacted red light camera ordinances pursuant to Chapter 707 to provide for a civil penalty to the registered owner of a vehicle, regardless of whether the owner is operating the car at the time, if the owner's car is photographed running a red light. The City of Diboll, as described above, did not enact such an ordinance. Instead, Diboll enacted the Ordinance, which authorizes red light camera tickets, but which still makes such a crime, a misdemeanor, under Diboll ordinance Section 9-3(a). The fact that a violation of the Ordinance is a crime makes the Ordinance unconstitutional under the Texas Constitution, for the reasons set forth below.

## DIBOLL ORDINANCE UNCONSTITUTIONAL UNDER TEXAS CONSTITUTION

30.

The fact that a violation of the Ordinance is a crime is important, because one accused of a crime by a Texas City, like the City of Diboll, is guaranteed certain rights by the Texas Constitution when accused of a crime. Specifically, Article 1, Section 10 gives one accused of a crime by the State or its local subdivisions, which would include the City of Diboll, several rights, including the right to trial by an impartial jury, the right against self incrimination, the right to confront (i.e., cross-examine) the witnesses against him, the right to compulsory process for obtaining witnesses in his or her favor.

31.

Further, the presumption of innocence, although not articulated in the Texas Constitution, is a basic component under the Texas judicial system of justice. *Kimble v. State*. 537 S.W.2d 254, 254-55 (Tex.Cr.App. 1976); *Randle v. State*, 826 S.W.2d 943, 944 fn. 3 (Tex.Cr.App. 1992) (noting

the presumption of innocence is a basic component of the right to a fair trial); and *Ex Parte Guerra*, 383 S.W.3d 229, 232 (Tex.App.-San Antonio 2012) (noting that presumption of innocence is a right protected by Article I, Section 13 of the Texas Constitution). Being a crime, the Ordinance would violate Texas law, as under the Ordinance (specifically Section 9-39(6)(e)), the owner is presumed to be the driver of the vehicle, such that the Ordinance deprives the owner of a vehicle like Plaintiffs Hunt, ADE and others similarly situated of the presumption of innocence guaranteed under Article I, Section 19 of the Texas Constitution, and the right to have the government, here the City of Diboll, prove the crime beyond a reasonable doubt, as required by Article I Section 19 of the Texas Constitution, the Texas Code of Criminal Procedure, and the Texas Penal Code, when one like Plaintiffs Hunt, ADE or others similarly situated are accused of a crime like the Ordinance. Therefore, the Ordinance, on its face and as applied to persons like Plaintiffs, deprives them of the rights guaranteed under Article I, Section 10 of the Texas Constitution, and deprives them of the right to substantive due process under Article I, Section 19 of the Texas Constitution.

32.

The Diboll Ordinance completely denies these rights to the owner of a motor vehicle like Plaintiffs Hunt, ADE and others similarly situated charged with a violation of the Ordinance. This is because as to red light camera tickets, the City of Diboll does not allow for any hearing or judicial review whatsoever, so that the Ordinance, on its face, or as applied to Plaintiffs, would violate the right to procedural due process guaranteed under Article I, Section 19 of the Texas Constitution. This is despite the fact that under Diboll ordinance Section 10-3, the Diboll municipal court is given jurisdiction in all criminal cases arising under ordinances of the City of Diboll. Under Diboll ordinance Section 9-39(6)(b), a person receiving a red light camera ticket cannot fight same in Diboll

municipal court. Rather, all the Ordinance provides is that the person receiving the red light camera ticket can respond to such by mail. Nowhere in the Ordinance is the person receiving the red light camera ticket given the right to a jury trial, the right to compulsory process, or the right of confrontation. Any person accused of a red light camera violation under the Ordinance, like Plaintiffs Hunt, ADE, and others similarly situated, are deprived, in violation of Article I, Section 19 of the Texas Constitution, Section 2.01 of the Texas Penal Code and article 38.03 of the Texas Code of Criminal Procedure, of the presumption of innocence and the right to have the City of Diboll required to prove its case beyond a reasonable doubt.

33.

Further, under the Ordinance, the only way a vehicle owner can rebut the presumption created by the Ordinance is to waive their constitutional right not to testify. This unconstitutionally shifts the burden of proof with regard to a criminal offense to the defendant/accused, which further violates Article I, Sections 10, 13 and 19 of the Texas Constitution. Such mandatory presumption created by the Ordinance in a criminal case is a violation of due process guaranteed by the laws and constitution of the State of Texas (Article I, Sections 10 and 19). As such, the Ordinance is void and of no effect. The presumption violates these due process rights by allowing a misdemeanor conviction on proof less than beyond a reasonable doubt as required by the Texas Constitution and Texas law. This also violates the presumption of innocence one has under the Texas Constitution and Texas law. The Ordinance is facially unconstitutional, and unconstitutional as applied to Plaintiffs.

34.

In short, for all of the reasons noted above, the Ordinance, either on its face or as applied to Plaintiffs, is unconstitutional under Article I, Sections 10, 13 and 19 of the Texas Constitution.

Texas law is clear as to the effect of a law being unconstitutional. An unconstitutional law is void from its inception, and cannot provide a basis for any right or relief. *Jefferson v. State*, 751 S.W.2d 502, 502-503 (Tex.Cr.App. 1988); *Colden v. Alexander*, 141 Tex. 134, 171 S.W.2d 328, 335 (1943); *Miller v. Davis*, 136 Tex. 299, 150 S.W.2d 973, 978 (1941). An unconstitutional statute amounts to nothing, accomplishes nothing, and is no law. *In re Johnson*, 554 S.W.2d 775, 787 (Tex.App.-Corpus Christi 1977), *writ ref. n.r.e.*, 569 S.W.2d 882 (Tex.1978). A void law is no law and confers no rights, bestows no power on anyone, and justifies no act performed under it. *Newsom v. Starkey*, 572 S.W.2d 29, 30 (Tex.Civ.App.-Dallas 1978, no writ), citing *Sharber v. Florence*, 131 Tex. 341, 115 S.W.2d 604 (1938). See also *Lowry v. State*, 671 S.W.2d 601, 604 fn. 1 (Tex.App.-Dallas 1984), *aff'd in part, rev'd in part*, 692 S.W.2d 86 (an unconstitutional statute is void from its inception); *Fite v. King*, 718 S.W.2d 345, 347 (Tex.App.-Dallas 1986, writ ref'd n.r.e.) (unconstitutional act confers no right, imposes no duty, and affords no protection). Plaintiffs are therefore entitled to declaratory judgment that they have no liability for the red light camera penalty assessed against them by Defendants City of Diboll, or alternatively, Defendants McClain, Baker, and Boren, in their official capacities with the City of Diboll either singularly or jointly and severally, under the Ordinance.

35.

Article XI, Section 5 of the Texas Constitution provides that no ordinance passed by a municipality shall contain any provision inconsistent with the state constitution, or with the general laws enacted by state legislature. A municipal ordinance in conflict with the Texas Constitution or a state statute is thus unconstitutional, and, therefore, void. *City of Wichita Falls v. Abell*, 566 S.W.2d 336, 339 (Tex.Civ.App.-Fort Worth 1978, writ ref'd n.r.e.).

36.

Transportation Code Title 7, subtitle C, sets out the "Rules of the Road" regulating traffic in the State of Texas. The Transportation Code places limitations on a city like Defendant City of Diboll's power to enact laws with respect to roadways under the city's jurisdiction. Under Section 542.201 of the Transportation Code, a "local authority" (which under Section 541.002(3) of the Transportation Code includes a county or municipality) may not enact or enforce an ordinance or rule that conflicts with subtitle C of Title 7 of the Texas Transportation Code, unless expressly authorized to do so. The Ordinance conflicts with subtitle C of Title 7 of the Texas Transportation Code, so that it would be unconstitutional under Article XI, Section 5 of the Texas Constitution.

37.

One of the provisions contained in subtitle C of Title 7 of the Transportation Code is Transportation Code § 542.302. This statute provides the owner of a vehicle commits a traffic offense if the owner requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner which violates the law. The Ordinance conflicts with this statute, because it makes the owner of the vehicle liable for a red light violation, regardless of whether Defendant City of Diboll presents any proof that the vehicle owner required or knowingly permitted the vehicle to be operated in a manner which violates the law. The Ordinance therefore conflicts with Transportation Code § 542.302, so that the Ordinance violates Article XI, Section 5 of the Texas Constitution, making the Ordinance unconstitutional, and therefore void and of no effect.

38.

The Ordinance likewise conflicts with Section 2.01 of the Texas Penal Code and article 38.03 of the Texas Code of Criminal Procedure, as the Ordinance denies the vehicle owner the

presumption of innocence to which the person is entitled, and the Ordinance relieves the City of Diboll of the requirement imposed on it to prove all elements of the crime beyond a reasonable doubt. For these additional reasons, the Ordinance would be unconstitutional under Article XI, Section 5 of the Texas Constitution, and therefore void and of no effect.

39.

In the further alternative, Plaintiffs show the Ordinance conflicts with Chapter 707, so that the Ordinance would be unconstitutional under Article XI, Section 5 of the Texas Constitution. The Ordinance conflicts with Chapter 707 for the following reasons: (1) the Ordinance provides for a penalty of $100, which is greater than the $75 allowed by Transportation Code Section 707.007(1); (2) the Ordinance fails to comply with Transportation Code Section 707.009, which requires the ordinance state the person against whom the ticket is being sought is entitled to a hearing, provide the period in which the hearing must be held, provide for the appointment of a hearing officer, and designate the department, agency, or office of the City of Diboll responsible for the enforcement and administration of the ordinance, or provide that the entity with which Diboll contracts with is responsible for the enforcement and administration of the ordinance; (3) the Ordinance fails to provide for an administrative adjudication hearing and the other requirements of Transportation Code Section 707.014; and (4) the Ordinance fails to provide for an appeal by trial de novo in accordance with Transportation Code Section 707.016.

40.

Pleading further in the alternative, Plaintiffs would show that Defendant City of Diboll, and/or its city officials sued herein, knew of the problem created by the Ordinance, that being that violation of the Ordinance would be a crime, but anyone charged with such would not receive the

constitutional protections allowed under the Texas Constitution, including Article I, Sections 10, 15 and 19. The City of Diboll, and/or its city officials sued herein, through the Diboll City Council, passed Ordinance No. 01-14 on January 13, 2014. This ordinance tracks the provisions of Chapter 707 of the Texas Transportation Code. The problem with this ordinance is that the City of Diboll did not publish the ordinance, as required by Section 3.15(d) of the Diboll City Charter and/or Section 52.013 of the Texas Local Government Code, until November 10, 2016. The failure to publish Ordinance No. 01-14 makes that ordinance void and of no effect as to all of the red light camera penalties involved in this lawsuit. Therefore, Ordinance No. 01-14 would not provide any basis for the assessment and/or collection by Defendants of any of the red light camera penalties involved in this lawsuit. Since Defendant City of Diboll and its city officials sued in this matter contend all of the red light camera penalties involved in this lawsuit were assessed under Ordinance No. 01-14, this would make all such penalties assessed by the City of Diboll and/or paid to the City of Diboll that are involved in this lawsuit null and void. As such, Defendant City of Diboll, or alternatively Defendants Baker, McClain and Boren, in their official capacities with the City of Diboll, either singularly or in combination, are liable for reimbursement of all of the unlawful red light camera penalties involved in this lawsuit which were paid to the City of Diboll. Further, that for all of these same reasons, any red light camera penalties assessed by the City of Diboll involved in this lawsuit which were not paid would be void and unenforceable.

41.

Pleading in the further alternative, and in the unlikely event that the Ordinance, or Ordinance No. 01-14 are somehow found constitutional or lawful, no red light camera penalty could be assessed against Plaintiffs, so Plaintiffs would still be entitled to declaratory judgment that they are not liable

for the civil penalty assessed against them by Defendant, City of Diboll, and/or Defendants Baker, McClain and Boren, acting in their official capacities with the City of Diboll, either singularly or in combination. This is because the City of Diboll failed to conduct the traffic engineering study required by Transportation Code Section 707.003(c). The effect of the failure to conduct the traffic engineering study required by Section 707.003(c) is that such precludes Defendants City of Diboll and/or Defendants Baker, McClain and Boren, acting in their official capacities with the City of Diboll, either singularly or in combination, from assessing any red light camera penalty against Plaintiffs. Specifically, under Transportation Code Section 707.003(f), Defendant City of Diboll cannot impose a civil penalty under Chapter 707 due to its failure to conduct the traffic engineering study required by Section 707.003(c). Thus, either way, Plaintiffs prevail in this matter. Either the Ordinance is unconstitutional, or Ordinance No. 01-14 is void for lack of same being published prior to the red light camera penalties being issued that are involved in this lawsuit, so that Plaintiffs cannot be assessed a red light camera penalty, or even if the Ordinance or Ordinance No. 01-14 is/are somehow found constitutional or lawful, Plaintiffs still cannot be assessed a penalty, because Defendant City of Diboll failed to conduct the traffic engineering study required by Transportation Code Section 707.003(c).

42.

Further in the alternative, and in the unlikely event that the Ordinance or Ordinance No. 01-14 is/are somehow found constitutional or lawful, Plaintiffs are still entitled to declaratory judgment that they are not liable for the red light camera penalty assessed against them by Defendants City of Diboll and/or Defendants Baker, McClain and Boren, acting in their official capacities with the City of Diboll, either singularly or in combination. This is because the City of Diboll failed to appoint

a citizens advisory committee required by Transportation Code Section 707.003(e), and failed to report the results of the traffic engineering study required by Transportation Code 707.003(c) to the citizens advisory committee as required by Transportation Code Section 707.003(e). As the red light camera penalty allowed by Chapter 707 of the Transportation Code is created by statute, and not by common law, all of the provisions of the statute (Chapter 707) are mandatory as to the City of Diboll, and would require strict compliance by the City of Diboll for Diboll to have the right to assess a civil penalty against Plaintiffs. Diboll failed to comply with the requirements of Chapter 707 by: failing to conduct the traffic engineering study required by Transportation Code Section 707.003(c), failing to appoint a citizens advisory committee as required by Transportation Code Section 707.003(e), and/or failing to report the results of the traffic engineering study required by Transportation Code 707.003(c) to the citizens advisory committee as required by Transportation Code Section 707.003(e). Any of these failures by the City of Diboll to comply with these requirements of Chapter 707 of the Transportation Code precludes Defendant City of Diboll from assessing any red light camera penalty against Plaintiffs. Thus, either way, Plaintiffs prevail in this matter. As to the red light camera tickets involved in this lawsuit, either the Ordinance is unconstitutional, or Ordinance No. 01-14 is void for lack of publication, so that Plaintiffs cannot be assessed any red light camera penalty, or even if the Ordinance and/or Ordinance No. 01-14 is/are somehow constitutional or lawful, Plaintiffs still cannot be assessed any red light camera penalty, because Defendant City of Diboll failed to conduct the required traffic engineering study, failed to appoint a citizens advisory committee, and/or failed to report the results of the traffic engineering study required by Transportation 707.003(c) to the citizens advisory committee as required by Transportation Code Section 707.003(e) for the committee's advise on the installation and operation of any red light

camera system.

## CAUSE OF ACTION - REIMBURSEMENT/REFUND OF FUNDS PAID

43.

For all of the reasons set forth above, the red light camera penalties paid by Plaintiffs to Defendant City of Diboll was under a law (the Ordinance) which is unconstitutional or alternatively, under a law, Ordinance No. 01-14, which is void for lack of being published. Under Texas law, a law which is unconstitutional is void from its inception, and cannot provide a basis for any right or relief. An unconstitutional law amounts to nothing, accomplishes nothing, and is no law. A void law is no law and confers no rights, bestows no power on anyone, and justifies no act performed under it. With the red light camera penalties being received by the City of Diboll pursuant to the Ordinance which is unconstitutional and therefore unlawful, or Ordinance No. 01-14 as Defendants claim, which ordinance is void for lack of publication, Plaintiffs would have the right to be refunded or reimbursed by Defendant City of Diboll, or Defendants Baker, McClain and Boren, acting in their official capacities with the City of Diboll, either singularly or in combination, for the unlawful red light camera penalties paid by Plaintiffs and received by the City of Diboll. This is because Texas law is clear that a person who pays a government fee, tax or penalty under duress or implied duress, has a valid claim for repayment. *Dallas County Community School Dist. v. Bolton*, 185 S.W.3d 868, 877 (Tex. 2005); *Lowenberg v. City of Dallas*, 261 S.W.3d 54, 59 (Tex. 2008) (affirming judgment for a plaintiff class against city for refund of unlawful fees assessed by city); *State v. Akin Prods. Co.*, 155 Tex. 348, 286 S.W.2d 110, 111-112 (1956) (holding plaintiff entitled to refund of unlawful taxes paid); *Crow v. City of Corpus Christi*, 146 Tex. 558, 563, 209 S.W.2d 922, 925 (1948) (rendering judgment that plaintiff recover against city unlawful taxes and charges paid to the city per

the city's ordinance); *Gatesco, Inc. v. City of Rosenberg*, 312 S.W.3d 140, 144 (Tex.App.-Houston [14th Dist.] 2010, no pet.) (holding that governmental immunity does not defeat a claim for declaratory or injunctive relief seeking the refund of illegally collected taxes or fees if the plaintiff alleges that the payments were made as a result of fraud, mutual mistake of fact, or duress, whether express or implied) (quoting); *Saturn Capital Corp. v. City of Houston*, 246 S.W.3d 242, 245 (Tex.App.-Houston [14th Dist.] 2007, pet. denied) (explaining that "Texas has long recognized ... that sovereign immunity does not prevent a party who paid illegal government taxes and fees under duress from filing a lawsuit to seek their repayment"); *Appraisal Review Bd. of El Paso County Central Appraisal Dist. v. Fisher*, 88 S.W.3d 807, 811-13 (Tex.App.-El Paso 2002, pet. denied) (holding that "courts have historically asserted jurisdiction over suits where a taxpayer alleges violations of his/her constitutional rights").

See also *Tara Partners, Ltd. v. City of S. Houston*, 282 S.W.3d 564, 576-577 (Tex.App.-Houston [14th Dist.] 2009, pet. denied) (recognizing claim against city for reimbursement of fees is not barred by sovereign immunity, but holding the plaintiffs in that case did not adequately plead the facts necessary to invoke jurisdiction under this doctrine).

44.

The red light camera penalties paid to the City of Diboll for which reimbursement is sought in this lawsuit were paid under duress, due to fraud, and/or without full knowledge of the facts, so that the payments were not voluntary. The duress requirement is established by the notice which the City of Diboll sends out to vehicle owners. It states that if the fine is not paid, such may result, without the City of Diboll having to obtain any ruling from a court, in the vehicle owner losing the right to renew the registration of his or her vehicle, thereby effectively confiscating the vehicle, since

one driving a vehicle without a valid registration would be exposed to constant tickets, causing the payment of substantial fines, and possible confiscation of the vehicle. Further, as demonstrated by Plaintiff Hunt, one faces a possible lawsuit by the City of Diboll, as illustrated by the fact that the City of Diboll hired attorneys, who sent a demand letter to Plaintiff Hunt demanding payment of the red light camera penalty assessed by the City of Diboll. The fraud under which payment of the red light camera penalties involved in this lawsuit were induced is more fully described below in the fraud and misrepresentation causes of action asserted against ATS set forth below, all of which allegations are incorporated herein as part of this paragraph. Finally, no disclosure was ever made to Plaintiffs by any of the Defendants that the City of Diboll had: failed to conduct the engineering study or studies required by Section 707.003(c), failed to appoint the citizens advisory committee required by Section 707.003(e), and/or failed to report the results of the traffic engineering study required by Transportation 707.003(c) to the citizens advisory committee as required by Transportation Code Section 707.003(e), so that the payment of the red light camera penalties involved in this lawsuit were paid without full knowledge of all of the facts.

45.

The common law reimbursement claim of Plaintiffs is not barred by sovereign or governmental immunity. This is because where a claim for declaratory or injunctive relief is brought seeking the refund of illegally collected payments by the government, such as is being brought in this case, sovereign or governmental immunity does not apply if the plaintiff alleges that the payments were made as a result of fraud, mistake of fact, or duress, whether express or implied. See *Dallas County Cmty. College Dist. v. Bolton*, 185 S.W.3d 868, 876-79 (Tex. 2005) (holding that a taxpayer cannot bring a suit for the return of illegally collected taxes if the payments were made voluntarily);

see also *Camacho v. Samaniego*, 954 S.W.2d 811, 822 (Tex.App.-El Paso 1997, pet. denied). The reason such a suit is not barred by immunity is such revenue collected from a tax, fee or penalty determined to be illegal or unlawful is not treated as property of the State or municipality to which the principles of sovereign or governmental immunity apply, so that an illegally collected fee should be refunded if paid as a result of fraud, mistake of fact, or duress, like what exists in this case. *Austin Nat'l Bank of Austin v. Sheppard*, 123 Tex. 272, 71 S.W.2d 242, 246 (1934). No legislative consent to sue is needed under these circumstances.

46.

Further illustrating that Plaintiffs have direct claims against Defendant City of Diboll for reimbursement of the illegally assessed red light camera penalties is *Lowenberg v. City of Dallas*, 261 S.W.3d 54, 59 (Tex. 2008). There, the trial court in that case awarded judgment to a plaintiff class against the City of Dallas ordering the refund of an unlawful registration fee assessed by the City. The trial court judgment in that case for the plaintiff class totaled $1,847,454.36, which included refunds of the fees totaling $1,009,751.25, attorney's fees of $289,894.00 and prejudgement interest. The trial court judgment was appealed to the Dallas Court of Appeals, who reversed the trial court's judgment on the basis that all the claims were barred by limitations. On appeal to the Texas Supreme Court, the Court reversed the Court of Appeals and rendered judgment in accordance with the judgment of the trial court. Thus, in *Lowenberg*, the Texas Supreme Court specifically held, and entered judgment, that a municipality is directly liable, and has no immunity, when a claim is brought against it for reimbursement of a fee or penalty which is unlawful or illegal. *Lowenberg* clearly demonstrates that Plaintiffs have a direct claim for reimbursement against Defendant City of Diboll for the red light camera penalties involved in this lawsuit.

## NO AUTHORITY FOR DIBOLL TO COLLECT
## ANY RED LIGHT CAMERA PENALTY

47.

Alternatively, even if the Ordinance and/or Ordinance No. 01-14 is/are somehow found constitutional or valid, Plaintiffs are still entitled to be reimbursed for the red light camera penalties paid that are involved in this lawsuit, because of the failure of the City of Diboll to comply with the conditions that must be met before Diboll could install a red light camera enforcement system, and assess and collect red light camera penalties.

48.

Chapter 707, specifically Section 707.003(c), requires that before a municipality can install any red light camera system at an intersection, the city is required to conduct a traffic engineering study of the intersection to determine whether, in addition to, or as an alternative to the red light camera system, a design change to the approach or a change in the signalization of the intersection is likely to reduce the number of red light violations at the intersection. Under Transportation Code Section 707.003(f), a municipality cannot impose any penalty for a red light camera violation, if the city fails to perform the traffic engineering study required by Section 707.003(c).

49.

Plaintiffs would show that the City of Diboll, for all of the red light camera tickets involved in this lawsuit, failed to conduct the traffic engineering study required by Chapter 707003(c) for each intersection at which the City of Diboll operated red light camera systems. As such, the City of Diboll could not assess any penalty for any violation of the Ordinance, or Ordinance No. 01-14.

50.

Plaintiffs would further show that the individual Defendants, Baker, McClain and Boren,

and who are charged with the knowledge of the requirements of Chapter 707, acting in their official capacities with the City of Diboll, either singularly or in combination, proceeded to authorize, implement and collect penalties for violation of the Ordinance, or alternatively Ordinance No. 01-14 as Defendants claim, when such penalties could not be assessed by law because of Diboll's failure to conduct the traffic engineering study required by Transportation Code Section 707.003(c), as well as the failure to appoint a citizens advisory committee as required by Transportation Code Section 707.003(e), and/or the failure to report the results of the traffic engineering study required by Transportation 707.003(c) to the citizens advisory committee as required by Transportation Code Section 707.003(e).

51.

Defendants Baker, McClain and Boren, in their official capacities as the officials with the City of Diboll who, either singularly or in combination, implemented, enforced, and directed the assessment and collection under the Ordinance, or alternatively Ordinance No. 01-14 as Defendants claim, of the illegal red light camera penalties involved in this lawsuit. Their official acts were committed in violation of Chapter 707, since they were acting beyond the statutory authority granted by Chapter 707 in installing, implementing and enforcing the City of Diboll's red light camera enforcement system without having complied with the requirements of Chapter 707 to allow the assessment of any red light camera penalty. These official acts of theirs, even if they were acting pursuant to Ordinance No. 01-14 as Defendants claim, were in violation of law, since Ordinance No. 01-14 was not published as required by law until November 10, 2016. As such, in the unlikely event the Ordinance or Ordinance No. 01-14 is/are somehow found constitutional or lawful, Defendants Baker, McClain and/or Boren, in their official capacities, either singularly or in combination, would

still be liable to reimburse Plaintiffs for the unlawful red light camera penalties involved in this lawsuit, since the red light camera penalties involved in this lawsuit were issued, assessed and collected by them, either singularly or in combination, in violation of Transportation Code Section 707.003(c), (e) and/or (f), and/or in violation of the publication required for Ordinance No. 01-14 to be enforceable. Such claims would not be barred by governmental or official immunity, since these acts by Defendants Baker, McClain and Boren in their official capacities, either singularly or combination, would be ultra vires acts not barred by immunity.

52.

As demonstrated above, Plaintiffs paid the illegal red light camera penalties to the City of Diboll under duress, fraud, and/or without knowledge of all material facts. That being the case, Plaintiffs are entitled to be refunded and/or reimbursed for the unlawful red light camera penalties paid by them that are involved in this lawsuit. As alleged in Paragraphs 43-46 and 51 above, such claim for refund/reimbursement is not barred by sovereign, governmental or official immunity. Further, by assessing and collecting red light camera penalties in violation of Section 707.003(c), (e), and/or (f) of the Transportation Code, and/or in violation of the publication required to make Ordinance No. 01-14 valid, Defendants Baker, McClain and Boren acting in their official capacities with the City of Diboll, were not lawfully authorized to assess any red light camera penalty. As such, claims against Defendants Baker, McClain and Boren in their official capacities with the City of Diboll would not be barred by sovereign, governmental or official immunity. This is because acts against city officials in their official capacities based on acts which are not lawfully authorized are ultra vires acts which are not are barred by sovereign, governmental or official immunity.

53.

Therefore, Plaintiffs are entitled to a refund from either Defendant City of Diboll, or Defendants Baker, McClain and Boren in their official capacities with the City of Diboll, either singularly or jointly and severally, for the unlawful red light camera penalties paid to the City of Diboll that are involved in this lawsuit. Plaintiffs would show that if Defendants Baker, McClain and Boren are held liable in their official capacities with the City of Diboll, either singularly or jointly and severally, for reimbursement of the unlawful red light camera penalties involved in this lawsuit, under Texas law, such is in essence a judgment against the City of Diboll, since liability for ultra vires acts is imposed on a city by a judgment against the city official(s) in his or her official capacity.

**TAKINGS CLAIM**

54.

Another basis that would entitle Plaintiffs to be reimbursed from Defendants is Article I, Section 17 of the Texas Constitution. Here, Plaintiffs' property (the red light camera penalty paid by Plaintiffs), being $75, $100, or $125, depending on when the penalty is paid, was unlawfully taken, for all of the reasons set forth above, since Plaintiffs' property was taken for public use by virtue of a law (the Ordinance) which is unconstitutional and therefore unlawful, or alternatively, because red light camera penalties were assessed without the required traffic engineering study having been performed, or the necessary citizens advisory committee being appointed, or alternatively, if such penalties were assessed pursuant to Ordinance No. 01-14 as Defendants claim, because Ordinance No. 01-14 was void for lack of publication. The City of Diboll took the monies unlawfully received from the payments for violation of the Ordinance, or alternatively Ordinance No.

01-14 as Defendants contend, for public use. In the case of municipalities like Defendant City of Diboll, the public use of the monies is for traffic safety programs, including pedestrian safety programs, public safety programs, intersection improvements, and traffic enforcement. Alternatively, the property of Plaintiffs was wrongfully taken from them for public use, since the City of Diboll, and Defendants Baker, McClain and Boren in their official capacities with the City of Diboll, were not lawfully authorized to assess any red light camera penalty because of the failure to conduct the required traffic engineering study, failure to appoint the required citizens advisory committee, and/or failure to report the results of the traffic engineering study to the citizens advisory committee, or alternatively, if the penalties were assessed pursuant to Ordinance No. 01-14, because of the failure to have that ordinance published as required by law, and because such funds were unlawfully taken for the same public use described above.

55.

In short, Plaintiffs' property has clearly been unlawfully taken from them for public use in violation of Article I, Section 17 of the Texas Constitution, so that Plaintiffs would be entitled, under that provision of the Constitution, to be reimbursed by Defendant City of Diboll, either by judgment directly against the City of Diboll, or by judgment against Defendants Baker, McClain and Boren in their official capacities with the City of Diboll, either singularly or jointly and severally, for the monies from the red light camera penalties unlawfully taken from Plaintiffs that are involved in this lawsuit. This claim would not be barred by sovereign or governmental immunity. See for example, *W.D. Haden Co. v. Dodgen*, 158 Tex. 74, 308 S.W.2d 838, 841 (1958) (suits for property alleged to be unlawfully or wrongfully withheld from the rightful owner by the state are not suits against the sovereign itself and may be maintained without permission of the sovereign); *Gen. Servs. Comm'n*

*v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001) (noting that governmental immunity does not shield the State from an action for compensation under the takings clause of the Texas Constitution); and *City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 634-35 (Tex.App.-Austin 2007, pet. denied) (suits to recover money or other property wrongfully taken or withheld by state officials from their rightful owners do not implicate sovereign immunity because being wrongfully taken, the property never belongs to the state).

56.

Likewise, the claim of Plaintiffs to be reimbursed for the unlawful penalty extracted from them would not be subject to the defense of failure to exhaust administrative remedies, as Texas law is clear that where a party is challenging a statute or ordinance on constitutional grounds or actions exceeding statutory authority, actions without authority, or actions in violation of a statute, one is not required to exhaust administrative remedies before seeking judicial review. Further, there is no administrative remedy contained in the Ordinance whatsoever, much less one that would allow the claims being asserted in this lawsuit to be decided or ruled upon by any "administration adjudication hearing" or municipal court. Further, there is nothing in the Ordinance that gives any administrative hearing officer or municipal court primary or exclusive jurisdiction over any of the claims made in this lawsuit. Further, any so called administrative remedies contained in Ordinance No. 01-14 did not have to be complied with, because as concerns the penalties involved in this lawsuit, Ordinance No. 01-14 was void for lack of publication. As such, this Court clearly has jurisdiction to hear all of the claims being asserted in this lawsuit, and there is no administrative remedy that Plaintiffs must exhaust or had to exhaust before filing this lawsuit.

**INJUNCTION**

57.

Plaintiffs seek an injunction against Defendants prohibiting them from using and enforcing any red light camera enforcement system under the Ordinance or Ordinance No. 01-14. In this regard, Plaintiffs would show that upon a finding that Defendants are operating a red light camera enforcement system which is unlawful, either because the Ordinance is unconstitutional, Ordinance No. 01-14 is void for lack of publication, or because Defendants are operating Diboll's red light camera system in violation of Transportation Code Sections 707.003(c), (e) and/or (f), injunctive relief should be issued precluding Defendants from enforcing the Ordinance or Ordinance No. 01-14 and assessing any penalties pursuant to same.

**CAUSE OF ACTION AGAINST ATS - DTPA CLAIM**

58.

Plaintiffs would show that the City of Diboll contracted with ATS to assist it in administering and/or enforcing the Ordinance, or alternatively Ordinance No. 01-14 as Defendants claim. Plaintiffs would show that in acting to administer and/or enforce the Ordinance, or alternatively Ordinance No. 01-14 as Defendants claim, ATS acts as an "investigations company" as that term is defined in Sections 1702.002(10) and 1702.104 of the Texas Occupations Code, which laws are part of Chapter 1702.001 et. seq. of the Texas Occupations Code, known as the "Private Security Act". ATS is acting as an "investigations company" for purposes of Section 1702.004 of the Texas Occupations Code, as ATS engages in the business of securing, or accepting employment to secure, evidence (being the red light camera photographic and video evidence) for use before a court, board, officer, or investigating committee (here being at the very least officer or officers with the Diboll Police

Department, the Diboll municipal court, which under Diboll ordinance Section 10-3 has jurisdiction in all criminal cases arising under Diboll ordinances, of which the Ordinance is one such criminal ordinance, or for use before the so called hearing officer of the administrative hearing provided in the Notice of Violation ATS sends out). This is important, because under the Private Security Act, specifically Occupations Code Section 1702.101, one acting as an "investigations company" cannot act as an investigations company, offer to perform the services of an investigations company, or engage in business activity for which a license is required under Chapter 1702 of the Occupations Code. ATS does not have, nor ever has had, the license required by Chapter 1702 of the Occupations Code, so that the actions taken by ATS in securing evidence (photographs and video) and getting out notices of red light camera violations under the Ordinance which have been paid by Plaintiffs, are in violation of the Private Security Act. This is significant, as Occupations Code § 1702.388 makes one acting in violation of the Private Security Act, here Occupations Code Section 1702.101, guilty of a crime (a Class A misdemeanor, the most serious of misdemeanor offenses) for each such violation. Under Section 12.51 of the Texas Penal Code, this would subject ATS to a fine of $10,000 for each offense. ATS has easily committed over 100,000 such violations in enforcing the Ordinance.

59.

Further, each such violation by ATS constitutes a false, misleading, or deceptive act or practice within the meaning of Section 17.46 of the Business & Commerce Code, for which a private remedy is expressly made available under Occupations Code § 1702.3835. This statute, Occupations Code § 1702.3835, would create the basis to give Plaintiffs the right to bring a claim against ATS under Section 17.46 and/or 17.50(h) of the Business & Commerce Code. Specifically, Section

17.50(h) of the Business and Commerce Code provides a claimant the right to bring a cause of action under the DTPA if the claimant is granted the right to do so by another law. Such other law allowing this in this case is Occupations Code § 1702.3835, so that Plaintiffs are clearly entitled to bring a DTPA cause of action against ATS. Further, Plaintiffs would qualify as a consumer for purposes of the DTPA, since they were the direct target of the misleading Notices of Infraction sent out by ATS that are involved in this lawsuit, as part of the transaction for goods and services between ATS and Diboll, which would be sufficient to give Plaintiffs consumer status under the DTPA. Finally, the Private Security Act creates a private remedy for Plaintiffs, so that Plaintiffs at a minimum would be entitled to declaratory judgment that ATS' actions are in violation of Sections 1702.004, 1702.101 and 1702.388 of the Occupations Code, and entitle Plaintiffs to injunctive relief enjoining ATS from engaging in any activity prohibited by the Texas Private Security Act, until such time as ATS obtains the necessary license required that Act.

60.

Plaintiffs would show they have been damaged by ATS' acts in not being licensed as required by the Private Security Act, as such was a producing cause of damages to Plaintiffs, particularly Plaintiff ADE and others of the putative class similarly situated to it, paying a red light camera penalty to the City of Diboll that was not owed by them. Without the photographic and video evidence unlawfully gathered and secured by ATS, no basis would exist to bring any red light camera violation against Plaintiffs, so that the acts of ATS in violation of the Private Security Act caused Plaintiffs to pay a red light camera penalty which was unlawful, for all of the reasons noted above. This is particularly the case, since the only evidence forming the basis for the City of Diboll to assess any red light camera penalty is the photographic and video evidence gathered and secured by ATS

in violation of the Private Security Act.

61.

Thus, each time a notice of a red light camera violation was assessed by the City of Diboll asserting a violation of the Ordinance and which was paid by Plaintiffs because of the unlawful and criminal actions of ATS described, this was a producing cause of damages to Plaintiffs of $75 for each such payment made by Plaintiffs, or $100 or $125, depending on when such was paid, in response to the written notices mailed by ATS. Plaintiffs seek from ATS, under Sections 17.46 and/or 17.50 of the Deceptive Trade Practices Act, damages consisting of each red light camera penalty paid by Plaintiffs to the City of Diboll for two years prior to the date this action was filed, and up to the date the class in this lawsuit becomes certified, plus reasonable and necessary attorney's fees through the trial of this case and entry of judgment, and for any subsequent appeal of same to any court of appeals or higher court.

62.

All of the actions of ATS described in all of the paragraphs set forth above, were done "knowingly" by ATS, for purposes of the Deceptive Trade Practices Act, so as to render ATS liable for such additional damages under Section 17.50(b) of the Deceptive Trade Practices Act, as may be found by the trier of fact. ATS' actions in violation of the Private Security Act also constitute negligence per se, authorizing Plaintiffs to the private remedy allowed by the Private Security Act.

63.

All of the representations made to Plaintiffs by ATS in the notices sent by ATS concerning the City of Diboll stating the penalty being assessed by the City of Diboll was a civil penalty, and that it was necessary for Plaintiffs to pay the penalty or request an administrative hearing, were

blatantly false and misleading, and were made with knowledge of their falsity. The Ordinance, which was what ATS asserted in its notices was violated, does not make the assessment a civil penalty. Rather, under the Diboll Code of Ordinances, the Ordinance is part of Chapter 9 of the Diboll Code of Ordinances, for which any violation of any ordinance in that chapter is a crime, a misdemeanor, as set forth in the Diboll ordinance Section 9-3(a). The Ordinance does not set up an alleged administrative procedure for the alleged violation of the Ordinance. The Ordinance does not set a $75.00 penalty as represented by ATS. Rather, the Ordinance sets a penalty of $100.00. The Diboll Code of Ordinances makes a violation of the Ordinance a misdemeanor, not a civil matter as is misrepresented by ATS in the Notice of Infraction which ATS sent out to Plaintiffs to enforce the Ordinance.

64.

The representations by ATS in the notices it sent out that are involved in this lawsuit concerning the Ordinance that the failure of Plaintiffs to pay the penalty or contest liability by the due date is an admission of liability and constitutes a waiver of the right to appeal, and that the failure to pay the penalty may result in a hold being placed on the registration of the owner's vehicle are all blatantly false. Since a violation of the Ordinance is a crime, the only way the City of Diboll, under its Code of Ordinances, may initiate a prosecution for a red light violation is to file a complaint in the municipal court. (Section 10-18, City of Diboll Code of Ordinances). The City of Diboll never did this in connection with any red light camera penalties assessed by it under the Ordinance. Therefore, the representation by ATS that the City of Diboll has assessed a red light camera penalty is false, as no action was ever initiated against Plaintiffs in the Diboll municipal court to initiate a prosecution for such penalty. Further, if the City of Diboll had assessed any red light camera penalty

against Plaintiffs, such would be void, for all of the reasons set forth above.

65.

Plaintiffs would show that the giving of sixty days written notice under the DTPA before filing suit is not required in this case. This is because by having to give sixty days written notice in advance before filing this lawsuit, such would result in limitations running as to class members whose claims for reimbursement, misrepresentation and under the DTPA would be barred by limitations that would be accruing during the sixty day notice period. The statute of limitations as to such claims is two years, such that limitations on these claims would be accruing during the sixty day notice period. As such, under Section 17.505(b) of the Business and Commerce Code, the giving of sixty days written notice is not required.

**CAUSE OF ACTION AGAINST ATS - FRAUD**

66.

Plaintiffs would show that ATS knew or should have known that the City of Diboll did not pass any ordinance that complied with Chapter 707. Plaintiffs would further show that ATS knew or should have known that the City of Diboll did not have a valid ordinance establishing a civil penalty for the running of a red light. Plaintiffs would show that ATS knew or should have known that the City of Diboll made a violation of the Ordinance a criminal offense, a misdemeanor. Plaintiffs would show that ATS knew or should have known that there was not any valid City of Diboll ordinance enacted setting up an administrative procedure for red light camera enforcement as ATS knowingly misrepresented in the Notice of Infraction it would send out concerning the Ordinance. Plaintiffs would show that ATS knew or should have known that the Affidavit of Non-Liability that ATS publishes on its website and purported to relate to the City of Diboll did not

truthfully set forth the rights and defenses an accused in the City of Diboll has with respect to a charge for a violation of the Ordinance. ATS knew or should have known that it did not obtain the necessary license required by the State of Texas before embarking upon a business to obtain photographic and video evidence for use in legal proceedings, thereby committing well over 100,000 crimes in the State of Texas. ATS knew or should have known that the City of Diboll did not, prior to any of the red light camera tickets involved in this lawsuit, publish Ordinance No. 01-14 which would be required before that ordinance could even become effective. Despite such knowledge, ATS still implemented and/or assisted in enforcing the unlawful Ordinance or Ordinance No. 01-14 as Defendants claim, illegally collected photographic and video evidence, represented that such evidence could be used in prosecuting an offense for running a red light in the City of Diboll, and/or which representations were false, and illegally and unlawfully collected money for the red light camera penalties from Plaintiffs involved in this lawsuit, when such were illegal and not owed by Plaintiffs.

67.

ATS conspired and actively participated in representing to Plaintiffs Hunt, ADE and others similarly situated, that the City of Diboll had established an ordinance authorizing the assessment of a civil penalty for the running of a red light based upon a presumption that the owner was the driver, that to contest same required the accused to request an administrative hearing, that failure to pay the assessed penalty was an admission of liability, and intentionally omitted material defenses provided in the Ordinance. These affirmative representations were all false, and ATS had actual knowledge they were false. The affirmative misrepresentations set forth herein, along with the misrepresentation of material facts by way of knowing omission from the representations made, all

were made by ATS with the intent that Plaintiffs rely on same, and in order to coerce payment of a penalty that was not owed, was unlawful, and which representations made by ATS Plaintiffs relied on to their detriment, by paying the red light camera penalties involved in this lawsuit pursuant to the Ordinance, or Ordinance No. 01-14 as Defendants contend, when such penalties were not owed. Such conduct by ATS constitutes common law fraud, and Plaintiffs bring this action to recover their damages sustained as a result of the fraud perpetrated upon them by ATS. Such damages are in excess of the minimum jurisdictional limits of this Court.

68.

Plaintiffs would show that the conduct of ATS in perpetrating this fraud on such a large class of victims, through its criminal and deceptive conduct, is such that exemplary damages are authorized by the laws of the State of Texas (Section 41.001 et. seq. of the Civil Practice and Remedies Code) and should be awarded against ATS. Plaintiffs seek to recover the maximum amount of exemplary damages from ATS as is allowed by law.

## DECLARATORY JUDGMENT

69.

Plaintiffs Hunt and ADE, on behalf of themselves and others similarly situated, are entitled to a declaratory judgment that they, and others similarly situated, are not liable for any of the red light camera penalties assessed or claimed by Defendant City of Diboll that are involved in this lawsuit. This is because: (1) the Ordinance is unconstitutional for all of the reasons set forth above; or alternatively, because: (2) the City of Diboll: (a) failed to conduct the traffic engineering study required by Transportation Code Section 707.003(c) of any intersection approach involved in any notice of violation issued to Plaintiff Hunt, or others similarly situated, which under Section

707.003(f) precludes Defendant City of Diboll from assessing and collecting any red light camera penalty from Plaintiffs, (b) failed to appoint a citizens advisory committee, as required by Section 707.003(e) of the Texas Transportation Code, and/or (c) failed to report the results of the required traffic engineering studies to the committee, as required by Section 707.003(e); and/or (3) Ordinance No. 01-14 relied on by Defendants City of Diboll and Defendants Baker, McClain and Boren, acting in their official capacities with the City of Diboll, either singularly or in combination, was void, and not effective at the time of any of the red light camera penalties involved in this lawsuit, for lack of publication of that ordinance as required by law.

70.

Thus, Plaintiffs are entitled to declaratory judgment that: (1) the Ordinance is unconstitutional, so that Plaintiffs could not be assessed any red light camera penalty, or even if the Ordinance is somehow found constitutional, Plaintiffs still could not be assessed any red light camera penalty, because Defendant City of Diboll: failed to conduct the required traffic engineering study, failed to appoint the required citizens advisory committee, and/or failed to report the results of the required traffic engineering studies to such committee; and (2) that Ordinance No. 01-14 is void for lack of publication, and such did not become effective until that ordinance was published on November 10, 2016. Plaintiffs Hunt, ADE and others similarly situated, would seek reasonable attorney's fees from Defendants, and request that the Court award Plaintiffs Hunt, ADE and others similarly situated, reasonable and necessary attorney's fees in this action, pursuant to Section 37.009 of the Civil Practice and Remedies Code, through the trial of this case and entry of judgment, and for any subsequent appeal of same to any court of appeals or the Texas Supreme Court.

71.

For all of the above reasons, Plaintiffs Hunt, ADE and others similarly situated, sue for a declaratory judgment to declare the Ordinance, being Section 9-39(6) and 9-39(7) of the City of Diboll Code of Ordinances void and of no effect, either because it is unconstitutional, or alternatively, because of Diboll's violation of Transportation Code Sections 707.003(c), (e) and/or (f), and that Diboll Ordinance No. 01-14 be declared void, unenforceable and without effect for the failure of same to be published as required by Section 3.15(d) of the Diboll City Charter and/or Section 52.013 of the Texas Local Government Code, and that such ordinance did not even become effective until it was published on November 10, 2016.

## CLASS ACTION ALLEGATIONS

72.

Pursuant to Rule 42 of the Texas Rules of Civil Procedure, Plaintiffs Hunt and ADE bring this action on behalf of themselves and all others similarly situated, as representative of the following class: all registered owners of vehicles who have been issued a Notice of Infraction by or at the direction of the City of Diboll for a red light camera penalty, said notice asserting on its face any violation occurring prior to November 10, 2016 of Section 9-39 of the City of Diboll Code of Ordinances and/or Diboll Ordinance No. 06-07, or any other ordinance of the City of Diboll, said class to consist of the following subclasses seeking the following relief:

(1)     for those class members that have not paid such red light camera penalty, declaratory relief that such penalties are void and unenforceable;

(2)     for those class members that have not paid such red light camera penalty, injunctive relief permanently enjoining all Defendants from attempting to enforce or collect such penalties;

(3)     for those class members that have paid such red light camera penalty at any time from June 3, 2014 to the date the class is certified, reimbursement of such penalties paid, either from the City of Diboll, or if applicable, reimbursement, either singularly or

jointly and severally, from the following: John McClain, in his official capacity as Mayor of the City of Diboll, Steve Baker, in his official capacity as Chief of Police of the City of Diboll, and Gerry Boren, in his official capacity as City Manager of the City of Diboll;

(4)     for those class members that have paid such red light camera penalty at any time between June 3, 2014 to the date the class is certified, damages, and additional damages under the DTPA against the ATS Defendants, or damages against the ATS Defendants under the class' claim for misrepresentation against the ATS Defendants; and

(5)     for those class members that have paid such red light camera penalty at any time between June 3, 2014 to the date the class is certified, damages and exemplary damages against the ATS Defendants under the class' fraud claim against the ATS Defendants.

73.

Plaintiffs would show that greater than two-thirds of the members of the class described above are citizens of the State of Texas, where this lawsuit is being filed. More than two-thirds of the members of the class described above are Texas citizens, who are domiciled in the State of Texas, and having vehicles in the State of Texas for which they received a notice of violation of the Ordinance, for the alleged running of a red light within the city limits of Diboll, Texas.

74.

Plaintiffs would show, that as illustrated by *Watson v. City of Allen*, 2016 WL 2610169 at *4-5 (5th Cir. 2016) (designated for publication), for purposes of the home state exception to the Class Action Fairness Act, being Section 1332(d)(4)(B) of Title 28 of the United States Code, all of the primary Defendants for purposes of that exception are Defendants City of Diboll, and Defendants McClain, Baker and Boren in their official capacities with the City of Diboll, all of whom are citizens of the State of Texas where this lawsuit is being filed. It is their conduct that forms a significant basis for the claims asserted by the proposed plaintiff class, as without Diboll enacting

the Ordinance, none of the red light camera penalties involved in this lawsuit would have been assessed and/or collected by the City of Diboll.

75.

Plaintiffs point this out because if any of the Defendants try to remove this lawsuit to federal court, such would be baseless, so that Plaintiffs would be entitled to attorney's fees to have this matter remanded back to state court.

76.

Plaintiffs would further show that the principal injuries resulting from the alleged conduct or any related conduct of Defendants were incurred in the State of Texas where this action was filed, as the unlawful and illegal red light camera penalties unlawfully collected from the plaintiff class were pursuant to the Ordinance, which was enacted by the City of Diboll, and which stem from alleged red light camera violations issued by the City of Diboll for alleged violations of the Ordinance occurring within the City of Diboll, and for the payment of penalties made to the City of Diboll and which penalties were not owed, for all of the reasons set forth above.

77.

The persons in the class are so numerous that joinder of all members is impracticable. Based on revenues collected by the City of Diboll in the fiscal years ended September 30, 2014 and 2015, the latest years available, Defendant Diboll has issued and received payment for approximately one hundred thousand red light camera violations, which illustrates that joinder of all members of the class is impracticable.

78.

Although the exact number of class members is unknown to Plaintiffs at this time, it is

ascertainable by appropriate discovery, including interrogatories asking the following for each red light camera penalty paid to the City of Diboll from June 3, 2014, being two years from when this lawsuit was filed, to when this action is certified as a class action: (a) the Notice of Violation number concerning each penalty paid; (b) the name and address of the person to whom such notice was directed; (c) the amount paid by each such person; and (d) the date such payment was made by each such person. The identity and location of class members may also be identified from the records maintained and possessed by Diboll, their representatives and/or ATS, who administers Diboll's red light camera program.

79.

There are common questions of law and fact affecting the class. The common issues to be litigated include the constitutional, statutory and ultra vires issues set forth above, which are common to every putative class member.

80.

These issues are all common, because every transaction involving any member of the class is essentially the same. For every class member, the registered owner of a vehicle receives a notice, like those attached as Exhibits "A" or "B", requiring, under duress, fraud and/or without knowledge of all material facts, payment of the penalty assessed under the Ordinance, or Ordinance No. 01-14 as Defendants claim. Therefore, the refund due to each class member is one of three alternative sums, being either $75, $100, or $125, depending on when the penalty was paid. Thus, the issues involved are whether the Ordinance is constitutional or not, whether Diboll failed to comply with the conditions required by Chapter 707 to be able to assess a red light camera penalty, whether as to the red light camera penalties involved in this lawsuit, Diboll Ordinance No. 01-14 is void for lack

of publication, and/or whether Defendants, McClain, Baker and/or Boren, in their official capacities, acting singularly or in combination, acted ultra vires, without any lawful authority, for all the reasons set forth above, in assessing red light penalties under the Ordinance, or Ordinance No. 01-14 as Defendants claim, in violation of law, all of which issues are entirely legal. Thus, this action would present issues of fact and law common to all members of the class.

81.

The claims of Plaintiffs are typical of the claims of the proposed class, because every transaction involving any member of the class is essentially the same as described above. Each member of the putative class seeks declaratory relief that the red light camera penalty assessed them by the City of Diboll is unlawful, and for those class members that paid same, a refund of either $75, $100, or $125, depending on the amount paid by them, or for those class members like Plaintiff Hunt, declaratory relief that the penalty is unenforceable, and injunctive relief permanently enjoining all Defendants from attempting to enforce or collect such red light camera penalties assessed against them. Thus, this action would present issues of fact and law common to all members of the class.

82.

Plaintiffs Hunt and/or ADE, will fairly and adequately represent the interests of the class. In support of this, Plaintiffs Hunt and ADE would show they: (1) are members of the proposed class; (2) want to represent the class; (3) are willing to pay the costs of notice and litigation; (4) have no interests adverse to other members of the class; and (5) have suffered the same harm as the class, namely having the unconstitutional and unlawful red light camera penalty assessed against them by the City of Diboll and/or Defendants McLain, Baker and/or Boren, acting in their official capacities with the City of Diboll.

83.

Attorneys Russell J. Bowman and Scott A. Stewart request appointment as class counsel. In support of this, they would show: (1) these attorneys have extensive experience in litigating complex matters such as this case, including extensive trial and appellate experience; (2) attorney Russell J. Bowman had several clients who were part of the phen fen class action litigation, which litigation is far more complex than what is involved in this case, since this case requires no experts, and damages are set, based on the amount paid (either $75, $100, 0r $125) by the registered vehicle owner; (3) attorneys Russell J. Bowman and Scott A. Stewart have spent several months researching the issues involved in this case and already involved in several ongoing lawsuits involving the same issues involved in this lawsuit; (4) attorneys Russell J. Bowman and Scott A. Stewart have already prepared the written discovery needed to be able to identify all class members and subclass members, and which after obtaining this information, attorneys Russell J. Bowman and Scott A. Stewart have the resources in place to get the appropriate notice out to all potential members of the class to opt in or opt out of the class; (5) attorneys Russell J. Bowman and Scott A. Stewart are currently working cases in the 134th Judicial District Court, Dallas County, Texas; the 153rd Judicial District Court of Tarrant County, Texas; the 410th Judicial District Court of Montgomery County, Texas; the 417th Judicial District Court of Collin County, Texas; the 348th Judicial District Court of Tarrant County, and the 284th Judicial District Court of Montgomery County, all of which involve issues similar to this case, including whether or not red light camera ordinances enacted by cities in Texas violate the Texas Constitution and/or are not enforceable because of the city's violation of Section 707.003(c), (e) and/or (f) of the Texas Transportation Code, so that they are both thoroughly knowledgeable with the issues involved in this case; (6) attorneys Russell J. Bowman and Scott A.

Stewart will be able to devote all the time needed to this case; (7) attorneys Russell J. Bowman and Scott A. Stewart each have support staff able to devote at least half their time to this case; and (8) attorneys Russell J. Bowman and Scott A. Stewart have the data base and file management systems and software in place to handle a case such as this.

84.

If the class is not certified, this will create the risk that none of the registered vehicle owners will be able to obtain restitution for the penalties unlawfully extracted from them.  This is because without a class action, no individual registered vehicle owner would seek recovery of the penalty paid, because the costs of such would far exceed the $75, $100, or $125  for which the registered vehicle owner would be seeking reimbursement.  In short, the attorney's fees that any individual registered vehicle owner would incur, if they sought recovery on their own, would far exceed reimbursement of the penalty being sought, so that no registered vehicle owner would, on his or her own, seek recovery for the unlawful penalty paid by him or her.  Further, if separate suits were prosecuted by or against individual members of the class, this would create a risk of inconsistent adjudications with respect to individual members of the class, as the issues being raised in this action may not be raised in such separate suits.  Further, the prosecution of separate suits by or against individual members of the class could create a risk of adjudications unfavorable to individual members of the class.

85.

Common questions of law and fact predominate over any questions affecting only individual members of the class.  These issues are legal issues, and are common to the class.  The damages of the class members fall into one of three categories, those that paid the $75 penalty, and those that

paid either $100 or $125. In addition, the claims of every member of the class rest on the same thing: a determination that the Ordinance and Ordinance No. 01-14 are void and unenforceable as concerns the red light camera penalties involved in this lawsuit. In addition, a class action in this case is superior to the other available methods for the fair and efficient adjudication of this controversy, because individual class members lack the resources to bring the action for themselves.

86.

As authorized by Rule 42(h) and (i) of the Texas Rules of Civil Procedure, Plaintiffs seek attorney's fees as authorized by those provisions, for reasonable and necessary attorney's fees through trial and entry of judgment in this Court, as well as for any appeal to any court of appeals or the Texas Supreme Court. Alternatively, Plaintiffs seek attorney's fees under Chapter 37.001 et. seq. of the Civil Practice and Remedies Code, which is known as the Uniform Declaratory Judgments Act, including Section 37.009, through the trial of this case and entry of judgment, and for any subsequent appeal of same to any court of appeals or the Texas Supreme Court.

## JURY TRIAL

87.

Plaintiffs Hunt and ADE, and others similarly situated, have previously requested, by Plaintiff Hunt, a jury trial in accordance with the Texas Rules of Civil Procedure, and have paid the jury fee required by the Court.

WHEREFORE, Plaintiffs, Hunt and ADE, on behalf of themselves and all others similarly situated, pray upon final hearing the Court enter judgment on behalf of Plaintiffs, Hunt, ADE and all others similarly situated, for the following relief:

A.     That the Court certify the class as described in this petition;

B.  That the Court appoint attorneys, Russell J. Bowman and Scott A. Stewart as class counsel;

C.  That as against ATS, the Court award Plaintiff ADE and those class members who paid a red light camera penalty involved in this lawsuit, money damages, additional damages under the DTPA, or alternatively exemplary damages, and attorney's fees, as may be found by the trier of fact;

D.  That the Court enter declaratory judgment as to all Plaintiffs that the Ordinance is unconstitutional for the grounds set forth above and is therefore void, or alternatively, that Defendants City of Diboll, or Defendants McClain, Baker and/or Boren acting in their official capacities, are acting in violation of Section 707.003 of the Transportation Code as set forth above, so that the red light camera penalties assessed pursuant to the Ordinance are illegal, unlawful, and/or ultra vires;

E.  That the Court enter declaratory judgment as to all Plaintiffs that as concerns the red light camera penalties involved in this lawsuit, Diboll Ordinance No. 01-14 was void for the lack of such ordinance being published at the time of the red light camera penalties involved in this lawsuit, so that such penalties are not owed, and that to the extent Defendants claim the red light camera penalties involved in this lawsuit were assessed by the City of Diboll, or alternatively, Defendants McClain, Baker, and Boren, in their official capacities with the City of Diboll either singularly or jointly, pursuant to Ordinance No. 01-14, that any such penalties are illegal, unlawful and/or ultra vires, since Ordinance No. 01-14 was void and not effective due to the lack of same being published as required by law at the time of the red light camera penalties

involved in this lawsuit;

F.    That the Court order the City of Diboll, or alternatively, Defendants McClain, Baker, and Boren, in their official capacities with the City of Diboll either singularly or jointly and severally, to reimburse Plaintiff ADE and those class members for the red light camera penalties collected from them by the City of Diboll that are involved in this lawsuit;

G.    That the Court award the class prejudgment and post judgment interest at the maximum rates allowed by law, and all costs of court;

H.    That the court award Plaintiffs Hunt, ADE and the class, reasonable and necessary attorney's fees through the trial of this matter and any appeal to any court of appeals or any higher court, such as the Supreme Court of Texas;

I.    That the Court issue a temporary and permanent injunction enjoining all Defendants from taking any action to enforce the Ordinance;

J.    That the Court issue a temporary and permanent injunction enjoining all Defendants from enforcing Ordinance No. 01-14 for any alleged red light camera violation occurring prior to November 10, 2016; and

K.    For such other relief, at law or equity, to which Plaintiffs Hunt, ADE and the class may be justly entitled.

Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway
Suite 860

Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net

/S/Scott A. Stewart
Scott A. Stewart
Texas State Bar No. 19218300
800 West Airport Freeway
Suite 860
Irving, Texas 75062
(214) 350-5551
(866) 850-7666 (FAX)
E-Mail: sastewartlawoffice@gmail.com
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above pleading has been sent to all counsel of record, as indicated below, on this 4th day of December, 2016:

| | |
|---|---|
| Mr. Robert Alderman, Jr. | VIA E-MAIL: balderman@acnlaw.com |
| ALDERMAN CAIN & NEILL PLLC | |
| 122 East Lufkin Avenue | |
| Lufkin, Texas 75901-2805 | |
| | |
| Mr. Thomas J. Williams | VIA E-MAIL: thomas.williams@haynesboone.com |
| Haynes and Boone, LLP | |
| 301 Commerce Street | |
| Suite 2600 | |
| Fort Worth, Texas 76102-4140 | |

/S/Russell J. Bowman
Russell J. Bowman

# EXHIBIT A



City of Diboll
Automated Red Light Enforcement
PO Box 22091
Tempe, AZ 85285-2091

# NOTICE OF INFRACTION

NOTICE #: 2201500071271
PIN: 2920
Pay with your Visa or MasterCard at
www.ViolationInfo.com

Amount Due: $75.00
Due Date: 09/23/2015

WILLIAM PAUL HUNT
211 COUNTY ROAD 1245
LINDEN, TX 75663-2763



| ON/ABOUT (Date) | AT TIME | AT LOCATION | COUNTY |
|---|---|---|---|
| 08/11/2015 | 11:06 AM | NB US HWY 59 @ JUDD ST | Angelina |

| NAME |
|---|
| WILLIAM PAUL HUNT |

| STREET ADDRESS |
|---|
| 211 COUNTY ROAD 1245 |

| CITY | STATE | ZIP CODE |
|---|---|---|
| LINDEN | TX | 75663-2763 |

DID OWN

| V E H I C L E | YEAR 2012 | MAKE WW | MODEL | STYLE UT | COLOR |
|---|---|---|---|---|---|
| | NUMBER FKGW40 | | | STATE TX | |

| APPROX SPEED | AMBER TIME | POSTED SPEED |
|---|---|---|
| 18 | 4.50 | 40 |

DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE. THE FACTS SUPPORTING THIS BELIEF ARE AS FOLLOWS: Failure to Stop at a Red Light

IN VIOLATION OF:
Ordinance 06-07 Section 9-39

Police Dept (no):
203

| ON INFORMATION THE DIBOLL POLICE DEPARTMENT CERTIFIES THAT THE ABOVE FACTS ARE TRUE AND PUNISHABLE BY A: CIVIL PENALTY OF $75.00 | Issue Date 08/24/2015 |
|---|---|







Pay with your Visa or MasterCard at www.ViolationInfo.com or mail your check or money order with this coupon to the address below.



| NAME: WILLIAM PAUL HUNT | | Due Date: 09/23/2015 |
|---|---|---|
| NOTICE #: 2201500071271 | VERSION: 1 | ISSUED: 08/24/2015 |
| PLATE: FKGW40 | STATE: TX | TYPE: TRLR |

No points will be assessed for payment of this Notice of Violation nor will it affect vehicle insurance rates.

√ Si necesitas ayuda en Español, favor de llamar al 1-866-790-4111.
√ Make your check or money order payable to the City of Diboll.
√ DO NOT MAIL CASH.
√ Write the Notice # on the front of your payment.
√ Insert this tear-off coupon in the enclosed envelope with the address (at the right) showing through the window.
√ Payment is admission of liability.
√ To avoid late fees, you must respond to this Notice (payment received or a non-judicial administrative hearing) before the due date indicated above.

AMOUNT DUE: $75.00

City of Diboll
Automated Red Light Enforcement
PO Box 742503
Cincinnati, OH 45274-2503

ldaldddadllaalaaaddddlaaddlldadddddd

1 2201500071271 000031022344 075003



EXHIBIT
"A"

CITY-0123

227

Pursuant to City of Diboll Automated Red Light Enforcement Ordinance, the owner of a motor vehicle is liable for payment of a civil penalty of $75.00 if the owner's vehicle proceeds into an intersection equipped with a photographic intersection monitoring system when the traffic control signal for that vehicle's direction of travel is emitting a steady red signal. It has been determined that your vehicle has proceeded into an intersection as defined by Section 541.303 of the Texas Transportation Code when the traffic control signal, for the direction in which your vehicle was traveling, was emitting a steady red signal. Failure to pay the civil penalty or contest liability by the Due Date is an admission of liability in the full amount of the civil penalty assessed on this notice of infraction and constitutes a waiver of the right to appeal under City's Ordinance. Failure to pay the civil penalty or to contest liability within the time allowed will result in a $25.00 late payment penalty and may result in the County Tax Assessor-Collector refusing to register the vehicle alleged to have been in violation of this ordinance.

You have the right to contest the imposition of the civil penalty by sending a request for a hearing so that it is received by the Due Date printed on the front of this Notice of Infraction. The civil penalty may not be recorded on the owner's driving record and an arrest warrant may not be issued.

Si usted necesita ayuda en español, entre en contacto con por favor al servicio de cliente en 1.866.790.4111.

This violation is a non-moving infraction and no points will be assessed.

## INSTRUCTIONS

ONLINE PAYMENT: The fastest and easiest way to pay your Notice is to pay online. Go to www.ViolationInfo.com and log on with your Notice # and PIN shown in the red box on the front of this notice. Click the Pay button. There may be a convenience / service fee for this service.

PAYMENT BY PHONE: Call toll free 1-866-790-4111 available 24 hours a day, 7 days a week. There may be a convenience / service fee for this service.

PAYMENT BY MAIL: Mail your check or money order (payable to the City of Diboll) in the enclosed envelope with the coupon printed at the bottom of the reverse side of this notice. Be sure to put the Notice # (see reverse) on the face of your payment.

PAYMENT IN PERSON: You may NOT pay in person. You may pay online, by mail or by calling 1-866-790-4111.

VIEW YOUR IMAGES AND VIDEO: The recorded images and video will be submitted as evidence in the Police Department proceeding for disposition of the violation. You may view your images and video online at www.ViolationInfo.com. You will need your Notice # and PIN printed on the front of this notice. If you do not have Internet access, you may contact the Diboll Police Department at 936-829-5580, 8:00 AM - 5:00 PM Monday-Friday, to make an appointment to view your images and video.

REQUEST AN ADMINISTRATIVE HEARING: You may contest the imposition of the civil penalty by requesting an administrative hearing. You must sign the coupon below and mail it in the enclosed envelope so that it is received by the due date stated on the front of the Notice. When the administrative hearing is scheduled, you will be notified of the location, date and time of your hearing. If you request a hearing and fail to appear at the time and place of the hearing, it is considered an admission of liability and a waiver of your right to appeal the imposition of the civil penalty. The recorded image is evidence in a proceeding for the imposition of a civil penalty.

QUESTIONS: If you have any questions, please contact Customer Service toll free at 1-866-790-4111.

If you are a Rental Car or Leasing company, notarize and mail the Declaration of Non-Liability form and documentation to City of Diboll, Violation Processing Center, PO Box 22091, Tampa, AZ 85285-2091.

If you feel that you received this violation in error under one of the affirmative defenses outlined in the City of Diboll ordinance you may submit a Declaration of Non-Liability by mail, or you may submit the Declaration of Non-Liability at an Administrative Hearing.

The Declaration of Non-Liability form can be obtained from the website at www.ViolationInfo.com. You will need your Notice # and PIN printed on the front of this notice.

Detach here and return bottom portion as a request for an administrative adjudication hearing.

I submit this form as a request for a hearing regarding this Notice of Infraction and acknowledge that it must be received by the due date of this notice to be a valid request. I understand that I must attend this hearing in person. I also understand that I will be notified of the date, time and location of the hearing. Please sign and print name using blue or black ink only.

2801500071271



Signature

Printed Name

CITY-0124

# EXHIBIT B



City of Diboll
Automated Red Light Enforcement
PO Box 22091
Tempe, AZ 85285-2091

# NOTICE OF INFRACTION

NOTICE #: 2201600092896
PIN: 1065
Pay with your Visa or MasterCard at
www.ViolationInfo.com

Amount Due: $75.00
Due Date: 10/24/2016



01812 1 MB 0.416 T 13 00-ATPSCR5D-1
ADE-WIFCO STEEL PRODUCTS INC
8003 MEDORA RD
HUTCHINSON KS 67502-8618



| ON/ABOUT (Date) | AT TIME | AT LOCATION | | COUNTY |
|---|---|---|---|---|
| 08/25/2016 | 02:26 PM | SB US HWY 59 / N TEMPLE DR @ N HINES ST / JUDD ST | | Angelina |

NAME
ADE-WIFCO STEEL PRODUCTS INC

STREET ADDRESS
8003 MEDORA RD

| CITY | STATE | ZIP CODE |
|---|---|---|
| HUTCHINSON | KS | 67502-8618 |

DID OWN

| VEHICLE | YEAR | MAKE | MODEL | STYLE | COLOR |
|---|---|---|---|---|---|
| | 2015 | FORD | F150 | PK | WHITE |
| LIC | NUMBER | | | STATE | |
| | 416JEX | | | KS | |

| APPROX SPEED | AMBER TIME | POSTED SPEED |
|---|---|---|
| 43 | 4.50 | 40 |

DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE. THE FACTS SUPPORTING THIS BELIEF ARE AS FOLLOWS: Failure to Stop at a Red Light

IN VIOLATION OF:
Ordinance 06-07 Section 9-39

Police Department
202

| ON INFORMATION, THE DIBOLL POLICE DEPARTMENT CERTIFIES THAT THE ABOVE FACTS ARE TRUE AND PUNISHABLE BY A: CIVIL PENALTY OF $75.00 | Issue Date 09/22/2016 |
|---|---|



---



Pay with your Visa or MasterCard at www.ViolationInfo.com or mail your check or money order with this coupon to the address below.



| NAME: ADE-WIFCO STEEL PRODUCTS INC | | Due Date: 10/24/2016 |
|---|---|---|
| NOTICE #: 2201600092896 | VERSION: 1 | ISSUED: 09/22/2016 |
| PLATE: 416JEX | STATE: KS | TYPE: STANDARD |

No points will be assessed for payment of this Notice of Violation nor will it affect vehicle insurance rates.

√ Si necesitas ayuda en Español, favor de llamar al 1-866-790-4111.
√ Make your check or money order payable to the City of Diboll.
√ DO NOT MAIL CASH.
√ Write the Notice # on the front of your payment.
√ Insert this tear-off coupon in the enclosed envelope with the address (at the right) showing through the window.
√ Payment is admission of liability.
√ To avoid late fees, you must respond to this Notice (payment received or a non-judicial administrative hearing) before the due date indicated above.

AMOUNT DUE: $75.00

City of Diboll
Automated Red Light Enforcement
PO Box 742503
Cincinnati, OH 45274-2503



**EXHIBIT**
"B"

PENGAD 800-631-6989

1 2201600092896 000036142317 075009

Pursuant to City of Diboll Automated Red Light Enforcement Ordinance, the owner of a motor vehicle is liable for payment of a civil penalty of $75.00 if the owner's vehicle proceeds into an intersection equipped with a photographic intersection monitoring system when the traffic control signal for that vehicle's direction of travel is emitting a steady red signal. It has been determined that your vehicle has proceeded into an intersection as defined by Section 541.303 of the Texas Transportation Code when the traffic control signal, for the direction in which your vehicle was traveling, was emitting a steady red signal. Failure to pay the civil penalty or contest liability by the Due Date is an admission of liability in the full amount of the civil penalty assessed on this notice of infraction and constitutes a waiver of the right to appeal under City's Ordinance. Failure to pay the civil penalty or to contest liability within the time allowed will result in a $25.00 late payment penalty and may result in the County Tax Assessor-Collector refusing to register the vehicle alleged to have been in violation of this ordinance.

You have the right to contest the imposition of the civil penalty by sending a request for a hearing so that it is received by the Due Date printed on the front of this Notice of Infraction. The civil penalty may not be recorded on the owner's driving record and an arrest warrant may not be issued.

Si usted necesita ayuda en español, entre en contacto con por favor el servicio de cliente en 1.866.790.4111.

This violation is a non-moving infraction and no points will be assessed.

## INSTRUCTIONS

ONLINE PAYMENT: The fastest and easiest way to pay your Notice is to pay online. Go to www.ViolationInfo.com and log on with your Notice # and PIN shown in the red box on the front of this notice. Click the Pay button. There may be a convenience / service fee for this service.

PAYMENT BY PHONE: Call toll free 1-866-790-4111 available 24 hours a day, 7 days a week. There may be a convenience / service fee for this service.

PAYMENT BY MAIL: Mail your check or money order (payable to the City of Diboll) in the enclosed envelope with the coupon printed at the bottom of the reverse side of this notice. Be sure to put the Notice # (see reverse) on the face of your payment.

PAYMENT IN PERSON: You may NOT pay in person. You may pay online, by mail or by calling 1-866-790-4111.

VIEW YOUR IMAGES AND VIDEO: The recorded images and video will be submitted as evidence in the Police Department proceeding for disposition of the violation. You may view your images and video online at www.ViolationInfo.com. You will need your Notice # and PIN printed on the front of this notice. If you do not have internet access, you may contact the Diboll Police Department at 936-829-5586, 8:00 AM - 5:00 PM Monday-Friday, to make an appointment to view your images and video.

REQUEST AN ADMINISTRATIVE HEARING: You may contest the imposition of the civil penalty by requesting an administrative hearing. You must sign the coupon below and mail it in the enclosed envelope so that it is received by the due date stated on the front of the Notice. When the administrative hearing is scheduled, you will be notified of the location, date and time of your hearing. If you request a hearing and fail to appear at the time and place of the hearing, it is considered an admission of liability and a waiver of your right to appeal the imposition of the civil penalty. The recorded image is evidence in a proceeding for the imposition of a civil penalty.

QUESTIONS: If you have any questions, please contact Customer Service toll free at 1-866-790-4111.

If you are a Rental Car or Leasing company, notarize and mail the Declaration of Non-Liability form and documentation to City of Diboll, Violation Processing Center, PO Box 22091, Tempe, AZ 85285-2091.

If you feel that you received this violation in error under one of the affirmative defenses outlined in the City of Diboll ordinance you may submit a Declaration of Non-Liability by mail, or you may submit the Declaration of Non-Liability at an Administrative Hearing.

The Declaration of Non-Liability form can be obtained from the website at www.ViolationInfo.com. You will need your Notice # and PIN printed on the front of this notice.

Detach here and return bottom portion as a request for an administrative adjudication hearing.

I submit this form as a request for a hearing regarding this Notice of Infraction and acknowledge that it must be received by the due date of this notice to be a valid request. I understand that I must attend this hearing in person. I also understand that I will be notified of the date, time and location of the hearing. Please sign and print name using blue or black ink only.



2201600092896

_____

Signature

_____

Printed Name

# EXHIBIT C

City of Diboll, TX
Intersection Safety Program
Automated Red Light Enforcement

## AFFIDAVIT INSTRUCTIONS

Following is a form of affidavit that you may use to establish an exemption from the civil penalty described in the notice of violation that you have received. This page contains instructions for filling out the form; please read the instructions carefully. Page two is the form that you must fill out. If this affidavit is incomplete, not notarized, does not contain all information or is not received by the due date, it will not be sufficient to establish exemption and you may be liable for all fees.

### Instructions

(1) The registered owner of a motor vehicle detected through the use of an automated traffic safety camera is responsible for the fee unless the owner establishes by affidavit that an exemption applies. The notice of violation you have received explains the ordinance exemptions and how to establish them.

(2) Page 2 of this document constitutes an affidavit that you may use to assert an exemption. Please fill in all blanks with the information requested. If you do not provide the required information, your affidavit will not be sufficient and you will not avoid payment of the penalty.

(3) If you assert that you are exempt from the fee because, at the time of the violation described in the notice, the vehicle was stolen, then you must include a copy of a police report showing the vehicle to have been stolen prior to the violation date. Please attach the police report to this affidavit.

(4) If you assert that you are exempt from the fee because, at the time of the violation described in the notice, the vehicle had been sold, then the affidavit must include the buyer's full name and address, along with a copy of the bill of sale showing the vehicle to have been sold prior to the violation date. Please attach the bill of sale to this affidavit.

(5) This affidavit must be sworn to before a notary public or other person authorized to administer oaths. Please do not return this affidavit without the evidence of it being notarized, as that will not be sufficient and you will not avoid payment of the fee.

(6) Upon completing this affidavit, please mail it, along with all supporting documentation, to Violation Processing Center, PO Box 22091, Tempe, AZ 85285-2091.



EXHIBIT

"C"



2201500071271



# CITY OF DIBOLL, TX
# DECLARATION OF NON-LIABILITY

**Notice of Violation Number:** _____

**Vehicle License Plate Number:** _____ **State:** _____

In the space above, you must accurately write the 13-digit Notice Number that appears in the box in the upper right of the front of the Notice of Infraction. Also, please provide the license plate number and state for the vehicle involved in the violation. Please write clearly and make sure you record the information accurately. If the Notice of Infraction Number is unclear or incorrect, the Court will not be able to match your declaration to your violation.

I received the City of Diboll Notice of Infraction number listed above. At the time of the violation indicated on the Notice:

☐ Operator of the motor vehicle was part of a funeral procession.
☐ DMV Error (include copy of vehicle registration).
☐ Death (include copy of death certificate).
☐ Vehicle was stolen and was operated by a person other than the owner of the vehicle without the effective consent of the owner (include a copy of the police report).
☐ Vehicle license plate was stolen (include a copy of the police report).
☐ Vehicle had been sold (include a copy of the seller's report and complete new Owner's name and address below).
☐ Operator of the vehicle was issued a criminal, notice to appear, or warning by a duly authorized peace officer (include citation)

**New Driver's/Owner's Name (Required):** _____

**New Driver/Owner's Address (Required):** _____

                      Street        City        State        ZIP

**I declare under penalty of perjury under the laws of the State of Texas that the information provided in this declaration is true and correct to the best of my knowledge.**

_____
Your signature                               Date

_____
Print your name         Your telephone number        Your email address

_____
Your street address            City        State        ZIP Code

SUBSCRIBED AND SWORN to before me on this _____ day of _____,
20_____.

_____
          **Notary Public**

*THIS AFFIDAVIT MUST BE NOTARIZED AND MAILED TO:*

**City of Diboll**
**Violation Processing Center**
**PO Box 22091**
**Tempe, AZ 85285-2091**

V 1.1

EXHIBIT D

# Linebarger Goggan Blair & Sampson, LLP

ATTORNEYS AT LAW
900 Arion Parkway, Suite 104
San Antonio, TX 78216
1(877) 249-8299 Toll Free

JANUARY 26, 2016

23322341

WILLIAM PAUL HUNT
211 COUNTY ROAD 1245
LINDEN TX 75563-2763

Vehicle Plate #: FKGW40
1 Violation(s) Totaling $125.00

## NOTICE OF UNPAID CIVIL PENALTY

Dear WILLIAM PAUL HUNT:

The unpaid civil penalty(s) listed below was imposed against you by the City of Diboll and has been referred to our firm for collection. The penalty(s) resulted from your violation(s) of a City of Diboll ordinance. You may obtain information relating to your violation(s), including photo and/or video content, by visiting www.violationinfo.com and entering your Notice and PIN number information.

| Notice No | PIN No | Plate No | Make/Model | Violation Date | Offense Location | Amount |
|---|---|---|---|---|---|---|
| 2201500071271 | 2920 | FKGW40 | WW | 08-11-15 | NB US HWY 59 @ JUDD ST | $125.00 |

Please read the options below and chose your method of payment:

- Pay online at www.violationinfo.com. Enter your Notice number and PIN above. There may be a convenience/service fee charged by the city's photo enforcement vendor.

- Pay by phone at 1(866) 790-4111 (Monday-Friday, 9 a.m. - 6 p.m. ). There may be a convenience/service fee charged by the city's photo enforcement vendor.

- Mail the reply form below, with your check or money order, to: City of Diboll, Photo Enforcement Program, P.O. Box 742503, Cincinnati, OH 45274-2503.

Write your notice number(s) on your payment. Make your check or money order payable to: City of Diboll.

It is very important that you give this matter your immediate attention. You may disregard this notice if you have already made full payment.

Sincerely,

Linebarger Goggan Blair & Sampson, LLP

For questions, please call 1(877) 249-8299, Monday-Thursday 7 a.m. – 9 p.m., Friday 8 a.m. – 5 p.m., Saturday 8 a.m. –noon.

PLEASE DETACH AND RETURN THE REPLY FORM BELOW WITH PAYMENT IN THE ENVELOPE PROVIDED

Linebarger Goggan Blair & Sampson, LLP
PO Box 659443
San Antonio TX 78265

Registered Owner: WILLIAM PAUL HUNT
Amount Due: $125.00 as of JANUARY 26, 2016
Vehicle Plate #: FKGW40
Notice #: 2201500071271

Amount Enclosed: _____

Make check or money order payable to: City of Diboll.
Write your notice number(s) on your payment. Enclose this reply form with your payment.

WILLIAM PAUL HUNT
211 COUNTY ROAD 1245
LINDEN TX 75563-2763

City of Diboll
Photo Enforcement Program
PO Box 742503
Cincinnati OH 45274-2503

1 2201500071271 000031022344 0750000

236